DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
STEPHANIE S. BRANNEN, State Bar No. 295880
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com
sbrannen@wsgr.com

Attorneys for Plaintiff
DROPBOX, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| THRU INC., a Delaware corporation, | |
| Defendant. | |

Plaintiff Dropbox, Inc. ("Dropbox") brings this Complaint against defendant Thru Inc. ("Thru" or "Defendant") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

### THE PARTIES

1.      Dropbox is a Delaware corporation with its principal place of business at 185 Berry Street, Suite 400, San Francisco, California.  Dropbox provides software and services relating to online hosting, storage, and synchronization of data, documents, and other content.

2.      Thru Inc. ("Thru") is a Delaware corporation with its principal place of business at 909 Lake Carolyn Parkway, Irving, Texas.  Thru holds itself out as a provider of enterprise file sharing and collaboration services.

3.      Dropbox brings this action for declaratory relief to protect its valuable and well-known brand against groundless trademark threats by Thru.  Dropbox has longstanding, strong, and well-recognized rights to the DROPBOX trademark.  Thru has nonetheless (1) asserted that it has superior rights to the DROPBOX mark; (2) repeatedly accused Dropbox of trademark infringement; (3) initiated two proceedings at the United States Patent and Trademark Office ("USPTO") to invalidate Dropbox's federal trademark registration for the DROPBOX mark and to oppose Dropbox's separately filed trademark application for the DROPBOX mark; (4) declared its intention to "obtain the [DROPBOX] mark"; and (5) threatened that, absent concessions from Dropbox, it will "exercise all options to take advantage of maximizing the value of the [trademark] asset."

4.      Accordingly, Dropbox seeks a declaration that its use and registration of the trademark DROPBOX do not, and will not, infringe upon or otherwise violate Thru's purported trademark rights.

## JURISDICTION AND VENUE

5.      This court has original jurisdiction over the claim for declaratory relief under 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act) and 15 U.S.C. § 1051 et seq. (the Trademark Act), as well as under 28 U.S.C. §§ 1331 and 1338, because Dropbox brings the action to determine a question of actual controversy between the parties arising under the trademark laws of the United States.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this complaint occurred in this judicial district.  Dropbox is informed and believes, and therefore alleges, that venue is also proper because Thru resides in this judicial district within the meaning of 28 U.S.C. § 1391(c).

## INTRA-DISTRICT ASSIGNMENT

7.      This is an Intellectual Property Action and thus may be assigned to a division of the Court on a district-wide basis.

## BACKGROUND

### The DROPBOX Brand

8.      Dropbox has, without interruption since at least as early as 2008, used the mark DROPBOX in commerce to promote its software and services to users in the United States and around the world.

9.      Dropbox is the owner of the Internet domain name <dropbox.com>, where Dropbox hosts a website prominently featuring the DROPBOX mark.  Dropbox also uses the DROPBOX mark with its popular software application or "app," which is available for download via various online stores.

10.      Dropbox's software and services use the Internet to enable the easy storage, synchronization, and sharing of electronic files.  Users who download Dropbox's software to their computers, tablets, or mobile phones can save files – such as documents, photos, and videos – to designated folders, and these files automatically are synced to the users' other devices and are accessible from the <dropbox.com> website.  With Dropbox's software, users can access their files anywhere there is Internet access.

11.      Dropbox is the owner of a federal trademark registration for the mark DROPBOX in connection with the following goods and services:

- "Computer software and downloadable computer software used to store and share data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via global computer networks, mobile telephones, and other communications networks for the purpose of file back up and synchronization, not including software for use in database management in the field of life sciences research or software for uploading or transferring advertising programs and media advertising communications" in International Class 9;

- "Storage of electronic media, namely, data, documents, files, text, photos, images, graphics, music, audio, video, and multimedia content" in International Class 39; and

- "Providing temporary use of non-downloadable computer software used to store and share data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via global computer networks, mobile telephones, and other communications networks for the purpose of file back up and synchronization, not including software for use in database management in the field of biomedical research or software for uploading or transferring advertising programs and media advertising communications; hosting of digital content on the internet" in International Class 42.

1  The application for this registration was filed on September 1, 2009 and assigned Serial No.

2  77817716. The registration issued on February 4, 2014. A true and correct copy of the Certificate

3  of Registration for Reg. No. 4478345 (the "Registration") is attached hereto as Exhibit A and

4  incorporated by reference.

5         12.    Thru did not oppose Dropbox's application for the Registration at the USPTO.

6  However, three other claimants initiated opposition proceedings before the USPTO's Trademark

7  Trial and Appeal Board, each claiming superior rights to the DROPBOX mark. Each of these

8  trademark oppositions was ultimately terminated.

9         13.    In connection with one of the oppositions to Dropbox's trademark application,

10  Dropbox acquired additional rights to the DROPBOX mark from a claimant, Officeware

11  Corporation. These additional trademark rights are also senior to those now asserted by Thru, and

12  include a federal trademark application for the mark DROPBOX in connection with the following

13  services:

14      •  "Providing online non-downloadable software for uploading and transferring files for the
15        purpose of file back up and synchronization, not including software for uploading or
      transferring advertising programs and media advertising communications" in
16        International Class 42.

17  This application was filed on April 12, 2010 and has been assigned Serial No. 85012206. A true

18  and correct copy of the application from the USPTO's TSDR database is attached hereto as

19  Exhibit B and incorporated by reference.

20         14.    Dropbox also owns common-law rights to the following design incorporating the

21  DROPBOX mark:

22

23  

24

25

26         15.    Dropbox has enjoyed extraordinary commercial success. There are now over 300

27  million registered users of Dropbox's software and services, uploading over one billion files every

28  day. Over four million businesses use Dropbox's software and services, including 97% of Fortune

500 companies. Dropbox's software "app" has been downloaded well over a hundred million times from the online stores the Apple App Store and Google Play.

16. Dropbox's DROPBOX mark has been featured in prominent news reports and articles (*The New York Times*, *The Los Angeles Times*, *The Wall Street Journal*, *San Jose Mercury News*, *San Francisco Chronicle*, *Bloomberg*, *Reuters*, *FORTUNE*, *Forbes*, *Business Week*, *Time*, *USA Today*, etc.) as well as on national television networks.

17. Over 90% of the top 100 search results for the term "dropbox" via the Google search engine return information specifically related to Dropbox.

18. As a result of the success of Dropbox's software and services, when members of the general public see or hear the mark DROPBOX, they associate it with Dropbox's software and services.

19. Dropbox's rights to the DROPBOX mark are senior to those now claimed and asserted by Thru.

20. Dropbox intends to continue using the DROPBOX mark in connection with its software and services.

**Thru's Sham Assertion of Purported Trademark Rights**

21. On November 17, 2011, more than three years after Dropbox adopted the DROPBOX mark, more than two years after the filing of Dropbox's first trademark application, and long after Dropbox's mark had become well known in the marketplace, Thru filed with the USPTO an application for the mark DROPBOX in connection with the following goods and services:

- "Downloadable computer software for uploading, transferring, downloading, storing, and sharing data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via networks, mobile telephones, and other communications" in International Class 9.

- "Storage of data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content" in International Class 39.

- "Providing on-line non-downloadable software for uploading, transferring, downloading, storing, and sharing data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via networks, mobile telephones, and other communications" in International Class 42.

1  This application has been assigned Serial Number 85475272. It has been suspended by the

2  USPTO.

3       22.    Following the extraordinary commercial success and popularity of Dropbox's

4  software and services, Thru manipulated its use of the term "dropbox" to manufacture the

5  appearance of trademark rights in the hope of extracting a windfall payoff from Dropbox. In

6  particular, at or around the time it filed its trademark application, Thru began to increase markedly

7  its use of the word "dropbox" on its website and elsewhere in a belated effort to project the

8  appearance of rights to a "dropbox" trademark and to concoct evidence for legal proceedings

9  against Dropbox.

10       23.    Thru attempted to create an impression of confusion by explicitly cautioning

11  customers that its offerings were "[n]ot to be confused with the consumer application,

12  Dropbox™." On information and belief, Thru's reference to "the consumer application,

13  Dropbox™," with trademark attribution, was not to Thru, but to Dropbox's popular software

14  "app."

15       24.    Thru altered the manner and frequency of its use of the word "dropbox" to attempt

16  to improve its position as a late-comer to the various challenges to the DROPBOX mark before

17  the USPTO.

18       25.    Following the filing of its trademark application, and in the midst of the challenges

19  against Dropbox before the USPTO, Thru's attorney sent a letter to Dropbox's attorney stating

20  that Thru was aware of the various disputes involving the DROPBOX mark and asserting that

21  Thru's rights in the mark had priority over those of other claimants. From December 2011 until

22  March 2012, Dropbox engaged in discussions with Thru, but then Thru stopped responding.

23       26.    Well over a year later, during which time Dropbox continued to invest in and grow

24  the DROPBOX brand, Thru resumed its claims and demands against Dropbox. Thru's attorney

25  contacted Dropbox's attorney, noting Dropbox's success in overcoming the oppositions before the

26  USPTO and continuing to allege Thru's superior rights to the DROPBOX mark.

27       27.    On February 4, 2014, Thru petitioned the USPTO to cancel the Registration on the

28  basis that there is a likelihood of confusion between Thru's purported mark and Dropbox's mark.

A copy of Thru's Petition for Cancellation is attached hereto as Exhibit C and incorporated herein. In its petition, Thru claims that it has priority over Dropbox's rights in the DROPBOX mark, and that it "is damaged by" the Registration, which it argues is "a potential obstacle to Thru's right to use and register the mark DROPBOX for its services."

28.     Thru persisted with further threats and demands against Dropbox.  For example, on May 19, 2014, Thru's attorney stated that if resolution "cannot be done in a reasonable amount of time" then Thru would "exercise all options to take advantage of maximizing the value of the asset."

29.     On October 28, 2014, Thru filed with the USPTO an opposition to Dropbox's trademark application Serial No. 85012206.  Thru bases this opposition on the same grounds as its petition to cancel Dropbox's Registration, namely, that "Applicant's mark DROPBOX, when used for the services of the Application . . . so resembles Thru's mark DROPBOX as to be likely to cause confusion or to cause mistake or to deceive."  A copy of Thru's Notice of Opposition is attached hereto as Exhibit D and incorporated by reference.

30.     As described above, Thru has engaged in a deliberate effort to create the illusion of rights to the DROPBOX mark while issuing repeated threats and attacks against Dropbox's increasingly valuable DROPBOX brand.  Accordingly, Dropbox files this complaint to affirm its rights.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

31.     Dropbox realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

32.     As a result of the actions and statements of Thru, which include allegations of trademark infringement and challenges to Dropbox's commercial use of the DROPBOX mark, there is an actual controversy between Dropbox and Thru as to the parties' rights and legal relations associated with each party's use of the DROPBOX mark.  Under all of the circumstances, an immediate, real and substantial controversy exists between the parties, who have adverse legal interests.

33.   Dropbox has used and intends to continue to use the DROPBOX mark in interstate commerce.

34.   Thru's position is that Dropbox has made use of the mark DROPBOX in a manner justifying Thru to sue Dropbox immediately for trademark infringement and other legal violations.

35.   Dropbox's use of the DROPBOX mark does not infringe on, dilute, or violate any federal or state trademark, trade name, or related rights of Thru.

36.   Dropbox's use of the DROPBOX mark will not infringe on, dilute, or violate any federal or state trademark, trade name, or related rights of Thru.

37.   Dropbox's rights to the DROPBOX mark are superior to the rights that Thru now alleges.

38.   An actual justiciable controversy within the meaning of 18 U.S.C. § 2201 exists between Dropbox and Thru concerning the use of the DROPBOX mark and the respective trademark rights of the parties.  A judicial determination is necessary and appropriate at this time in order to resolve the issues of the trademark rights of Dropbox and the conflicting claims of Thru, and in order that the parties may ascertain their respective rights and obligations if any.

39.   Dropbox does not engage in any activities that harm or threaten any lawful rights of Thru and is entitled to a declaration to that effect in this action.

## **PRAYER FOR RELIEF**

Dropbox prays for judgment as follows:

(a)   That this Court declare that Dropbox's use and registration of the DROPBOX mark do not infringe upon, dilute, or otherwise violate any valid right of Thru under applicable federal or state law.

(b)   That this Court declare that Dropbox's rights in the DROPBOX mark are superior to the rights Thru alleges.

(c)   That this Court declare that Dropbox's activities have not caused any harm to Thru or unjust enrichment to Dropbox.

(d)   That this Court declare that Dropbox is not liable to Thru.

1    (e)    That, by way of further relief, this Court grant a permanent injunction enjoining and

2  restraining Thru and its officers, directors, agents, servants, employees, and attorneys, and those in

3  active concert or participation with them, from directly or indirectly charging infringement,

4  dilution, or other legal violation, or instituting any action for infringement, dilution, or other

5  violation of alleged rights of Thru in the term "dropbox" against Dropbox or any of Dropbox's

6  agents, direct or indirect customers, or any person, by reason of the use or registration of

7  Dropbox's DROPBOX mark.

8    (f)    That this Court award to Dropbox its reasonable costs, disbursements, and

9  attorneys' fees incurred in defending its rights to the DROPBOX mark against the claims and

10  allegations of Thru.

11    (g)    That this Court grant such other and further relief as this Court may deem just and

12  proper.

13

14  Dated:  April 17, 2015                    WILSON SONSINI GOODRICH & ROSATI
                                               Professional Corporation

15

16                                             By: /s/ John L. Slafsky
                                                   _____
17                                                 DAVID H. KRAMER
                                                   JOHN L. SLAFSKY
                                                   STEPHANIE S. BRANNEN
18
                                               Attorneys for Plaintiff
19                                             DROPBOX, INC.

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Dropbox hereby demands trial by jury of all issues triable by a jury.

3

4   Dated:  April 17, 2015                         WILSON SONSINI GOODRICH & ROSATI
                                                    Professional Corporation
5

6
                                                    By:  /s/ John L. Slafsky
7                                                        DAVID H. KRAMER
                                                         JOHN L. SLAFSKY
8                                                        STEPHANIE S. BRANNEN

9                                                   Attorneys for Plaintiff
                                                    DROPBOX, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28