HARVEY SISKIND LLP
IAN K. BOYD (SBN 191434)
Email: iboyd@harveysiskind.com
KATE W. McKNIGHT (SBN 264197)
Email: kmcknight@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

FERGUSON, BRASWELL & FRASER, PC
JOHN M. CONE (*pro hac vice* pending)
Email: jcone@dallasbusinesslaw.com
2500 Dallas Parkway #501
Plano, Texas 75093
Telephone: (972) 378-9111
Facsimile:  (972) 378-9115

Attorneys for Defendant,
THRU, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THRU, INC., a Delaware corporation,<br><br>Defendant. | Case No.:  C 15-01741 EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     July 23, 2015<br>Time:     1:30 P.M.<br>Place:    Courtroom 5, 17th Floor<br>Judge:    Hon. Edward M. Chen<br><br>Action Filed:  April 17, 2015 |

1 **NOTICE OF MOTION AND MOTION**

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that at 1:30 p.m. on Thursday, July 23, 2015, or as soon thereafter as the matter may be heard, in the Court captioned above, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Thru, Inc. will, and hereby does, move for dismissal of the declaratory judgment complaint under Federal Rule of Civil Procedure 12(b)(1) and Local Rule 7-1 against Plaintiff Dropbox, Inc.  There is no justiciable controversy for the Court to resolve, and therefore dismissal is proper under Rule 12(b)(1), or in the alternative, at the Court's discretion.

Defendant's motion is based on this Notice of Motion and Motion to Dismiss and accompanying Memorandum of Points and Authorities, the Declaration of Lee Harrison and exhibit thereto, and any further evidence or argument that the Court may properly receive.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT**

**I.    INTRODUCTION**

Thru, Inc. ("Thru") moves the Court to dismiss Plaintiff's Complaint for Declaratory Judgment pursuant to Rule 12 or, in the alternative, the Court's discretion.  The Court should grant Thru's Motion because there is no justiciable controversy for this Court to resolve.  Plaintiff's Complaint fails to establish a real and reasonable apprehension that it is or will be subject to liability through its use of the DROPBOX mark.

Plaintiff and Thru each claim superior rights in the DROPBOX trademark for similar goods and services.  The United States is a first-to-use jurisdiction, which means the rightful owner of a trademark is the party who used it first in connection with the offering of its goods and services.[1]  The only matter at issue is which party was first to use the DROPBOX mark, as that is the party entitled to the registration for the DROPBOX mark.

---

[1] *Rearden LLC v. Rearden Commerce, Inc.*, 683 F. 3d 1190, 1203 (9th Cir. 2012) ("It is axiomatic in trademark law that the standard test of ownership is priority of use.  To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the

Plaintiff cannot (and does not) allege probable facts giving rise to a "sufficient immediacy" of it being subject to actual liability:

- Thru has not sued Plaintiff for infringement.
- Thru has never threatened to sue Plaintiff for infringement.
- Thru has never asked Plaintiff to pay it damages.
- Thru has never asked Plaintiff to stop using the DROPBOX mark.

Thru merely takes issue with Plaintiff's registration of DROPBOX and that disagreement is currently pending before the Trademark Trial and Appeal Board ("TTAB"), the administrative agency designated by Congress to resolve such disputes.

Plaintiff's Complaint fails to allege facts establishing a substantial controversy of sufficient immediacy warranting an audience before the Court. It therefore cannot meets its burden to prove subject matter jurisdiction under the Declaratory Judgment Act.

Alternatively, the Court should exercise its discretion to decline to consider Plaintiff's claims. Congress vested the TTAB, part of the Patent and Trademark Office, an agency of particular expertise, with experience and skill in determining ownership of a federal registration through, *inter alia*, cancellation proceedings, such as the one currently pending between the parties.

Thru has not and does not contest Plaintiff's use of the DROPBOX mark. Thru has not and does not allege that Plaintiff's use of the DROPBOX mark subjects Plaintiff to any liability, nor that it entitles Thru to damages or injunctive relief. The Court should not encourage parties to burden federal courts with unnecessary declaratory judgment actions that are neither ripe nor reasonable.

---

party claiming ownership must have been the first to actually use the mark in the sale of goods or services.")

**II.    STATEMENT OF FACTS**

Thru is the owner via assignment of U.S. Serial No. 85/475,272 for the word mark DROPBOX in International Classes 009,[2] 039,[3] and 042.[4]  (Declaration of Lee Harrison ("Harrison Decl."), ¶2).  It filed its application to obtain a federal trademark registration for DROPBOX on November 17, 2011.  (Harrison Decl. ¶3).  At that time, there were no issued federal trademark registrations for DROPBOX for similar goods and services.  (Harrison Decl. ¶3).  Nonetheless, in keeping with its practice, the United States Patent and Trademark Office suspended Thru's application due to the pendency of two other applications: (1) Non-Party Officeware Corporation's U.S. Serial No. 85/012,206, for the word mark DROPBOX in International Class 042,[5] and (2) Plaintiff's U.S. Serial No. 77/817,716, for the word mark DROPBOX in in International Classes 009,[6] 039,[7] and 042.[8]  (Harrison Decl. ¶4-6).

---

[2] For "Downloadable computer software for uploading, transferring, downloading, storing, and sharing data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via networks, mobile telephones, and other communications."

[3] For "Storage of data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content."

[4] For "Providing on-line non-downloadable software for uploading, transferring, downloading, storing, and sharing data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via networks, mobile telephones, and other communications."

[5] For "Providing online non-downloadable software for uploading and transferring files for the purpose of file back up and synchronization, not including software for uploading or transferring advertising programs and media advertising communications"

[6] For "Computer software and downloadable computer software used to store and share data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via global computer networks, mobile telephones, and other communications networks for the purpose of file back up and synchronization, not including software for use in database management in the field of life sciences research or software for uploading or transferring advertising programs and media advertising communications."

[7] For "Storage of electronic media, namely, data, documents, files, text, photos, images, graphics, music, audio, video, and multimedia content."

[8] For "Providing temporary use of non-downloadable computer software used to store and share data, documents, files, information, text, photos, images, graphics, music, audio, video, and multimedia content with others via global computer networks, mobile telephones, and other communications networks for the purpose of file back up and synchronization, not including software for use in database management in the field of biomedical research or software for

1    Non-Party Officeware Corporation later assigned its application, U.S. Serial No.
2  85/012,206, to Plaintiff.  (Harrison Decl. ¶7).  On February 4, 2014, Plaintiff obtained its U.S.
3  Registration No. 4,478,345, based on its Application U.S. Serial No. 77/817,716.  (Harrison Decl.
4  ¶8).
5    As the existence of Plaintiff's registration precluded Thru from obtaining its registration
6  for DROPBOX, that same day Thru filed its Petition for Cancellation of U.S. Registration No.
7  4,478,345 before the TTAB.  (Harrison Decl. ¶9).  Pursuant to federal law, the TTAB may cancel
8  Plaintiff's registration if the Board finds that Thru, and not Plaintiff, has priority of use of the
9  DROPBOX mark for admittedly similar goods and services.
10    It is important to note that the TTAB's decisions only affect registration of a trademark,
11 not its use.  15 U.S.C. §§ 1064, 1067(a); *Rhoades v. Avon Products, Inc.*, 504 F. 3d 1151, 1158
12 (9th Cir. 2007) (noting that "TTAB cannot grant relief on an infringement claim – either
13 injunctive or damages.")  Accordingly, if the TTAB cancels Plaintiff's registration, its order will
14 not find that Plaintiff is precluded from continuing to use the DROPBOX mark, nor will such an
15 order hold that Plaintiff is subject to liability.
16    Thru has never threatened to file a lawsuit against Plaintiff for trademark infringement nor
17 to seek either an injunction prohibiting Plaintiff's use of the DROPBOX mark or monetary
18 damages.  Thru simply initiated the administrative proceedings created by federal statutes and
19 regulations to obtain federal registration of its DROPBOX mark, and as part and parcel of this
20 process it must move to cancel Plaintiff's existing trademark registration in order for Thru to
21 obtain its federal trademark registration.  (Harrison Decl., ¶12)

22 **III.    ARGUMENT**

23    **A.  Plaintiff cannot prove a real and reasonable apprehension of liability for
24        trademark infringement.**

25    Plaintiff bears the burden to prove subject matter jurisdiction.  *K2 America Corp. v.
26 Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011).  For the Court to have subject

---

27 uploading or transferring advertising programs and media advertising communications; hosting of
28 digital content on the internet."

1  jurisdiction over Plaintiff's requests for declaratory judgment, Plaintiff's claims must be ripe for
2  adjudication. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 980 (9th Cir.
3  2011). This means that Plaintiff's lawsuit "must present an actual controversy between parties in
4  order for the Court to exercise jurisdiction." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d
5  980 (N.D. Cal. 2011).

6      "To determine whether a declaratory judgment action presents a justiciable case or
7  controversy, courts consider whether the facts alleged, under all the circumstances, show that
8  there is a substantial controversy, between parties having adverse legal interests, of sufficient
9  immediacy and reality to warrant the issuance of a declaratory judgment." *Shell Gulf of Mexico*
10 *Inc. v. Center for Bio. Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014).

11     In this case, Plaintiff vaguely articulates that it could theoretically be sued for trademark
12 infringement. But to seek a declaration of non-infringement, Plaintiff must prove that it has "'a
13 real and reasonable apprehension that [it] will be subject to liability if [it] continues' the
14 allegedly infringing conduct." *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d
15 1080, 1085 (N.D. Cal. 2012).

16     Plaintiff does not and cannot allege that it has any <u>real</u> and <u>reasonable</u> apprehension of
17 being subject to any such liability. Again:

18     •     Thru has not sued Plaintiff for infringement.
19     •     Thru has never threatened to sue Plaintiff for infringement.
20     •     Thru has never asked Plaintiff to pay it damages.
21     •     Thru has never asked Plaintiff to stop using the DROPBOX mark.

22     Plaintiff contends that Thru's statement that it will "exercise all options to take advantage
23 of maximizing the value of the [DROPBOX trademark] asset" is a "threat." Complaint at ¶ 3
24 and ¶ 29. That statement is, of course, facially not a threat against Plaintiff but merely a
25 statement of Thru's right to pursue its own economic interests. Thru merely confirmed that the
26 DROPBOX mark is a valuable asset, a position with which Plaintiff does not disagree.

27     Plaintiff's Complaint quotes one sentence from Thru's email without providing the
28 context. A copy of the email string containing the May 19 email is attached as Exhibit A to the

- 5 -
THRU INC.'S MOTION TO DISMISS COMPLAINT         CASE NO. C 15-01741 EMC

1  Declaration of Lee Harrison. (Harrison Decl., ¶10). The string makes it clear that the emails
2  were proposing a meeting between the parties "at 'C' level" to discuss settlement and the
3  reference to exercising options was conditional upon the parties not continuing settlement
4  discussions. (Harrison Decl., ¶11). Although no such meeting was arranged, as the remaining
5  emails in the string show, no threat of infringement proceedings or claim for damages was ever
6  made. (Harrison Decl., ¶12).
7      If the Court accepts Plaintiff's contention, it would be impossible for parties to negotiate
8  settlement of disputes regarding ownership of property without risking one side or the other
9  taking the matter to court under the guise of a Declaratory Judgment action, a tactic clearly
10 advantageous to a larger, or better funded party to a dispute, such as Plaintiff is here.
11     Nor can it be the case that merely filing TTAB proceedings alleging superior rights to a
12 trademark constitutes sufficient basis for a Declaratory Judgment action. If so, every such
13 proceeding could be the basis for district court litigation seeking a declaration of rights and
14 sidestepping the administrative procedures created by Congress for resolving disputes relating to
15 the right to register trademarks.
16     Plaintiff does not have a real and reasonable apprehension of liability under the
17 Declaratory Judgment Act. There is no justiciable case or controversy for the Court to resolve.
18 The Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction.

### B. In the alternative, the Court should exercise its discretion to decline to consider Plaintiff's declaratory relief claims.

21     If the Court nonetheless finds it may have subject matter jurisdiction, it should still
22 exercise its discretion to decline to consider Plaintiff's declaratory relief claims. *MedImmune,*
23 *Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ("The Declaratory Judgment Act provides that a
24 court 'may declare the rights and other legal relations of any interested party,' 28 U.S.C. §
25 2201(a), not that it must do so. This text has long been understood 'to confer on federal courts
26 unique and substantial discretion in deciding whether to declare the rights of litigants.'");
27 *Amaretto Ranch Breedables,* 907 F. Supp. 2d at 1085 (declining "to exercise its discretion to
28 reach [plaintiff's] declaratory relief claims even if [plaintiff] could satisfy the bare minimum

'case or controversy requirement'" because the possibility it "will face any liability… is too speculative to warrant the requested declaration.")

As outlined above, Plaintiff does not have a real and reasonable apprehension that it will be subject to liability if it continues to use the DROPBOX mark. At most, it has a real and reasonable apprehension that the TTAB will cancel its registration – a decision that would not prohibit Plaintiff from using the DROPBOX mark or impose any liability on Plaintiff. *Rhoades*, 504 F. 3d at 1158. Moreover, Plaintiff would have the right to appeal any adverse decision by the TTAB in federal court.[9]

There is no sound reason for Plaintiff to burden this Court with deciding questions that solely relate to registration of a trademark – especially where it has not been threatened with liability or additional proceedings[10] – when the TTAB was created just for that reason. As the Supreme Court recently noted, "there is no categorical reason to doubt the quality, extensiveness, or fairness" of TTAB proceedings. *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 135 U.S. 1293, 1309 (2015).

Parties should not be encouraged to take their registration disputes straight to overburdened federal courts. The TTAB has not only the ability but the expertise and directive of making such determinations after extensive, fair proceedings that are "similar to a civil action in a federal district court" and "largely governed by the Federal Rules of Civil Procedure and Evidence," including the right to discovery and depositions. *Id.* at 1300.

---

[9] Plaintiff would have the option of filing its appeal in a federal district court or in the U.S. Court of Appeals for the Federal Circuit. 15 U.S.C. § 1071.

[10] This case has little in common with *Rhoades*, in which the Ninth Circuit reversed dismissal of a declaratory judgment action. In *Rhoades,* there was an explicit threat of a trademark infringement lawsuit and damages, the latter of which the Ninth Circuit called "notable because the TTAB cannot grant relief on an infringement claim – either injunctive or damages – so [Defendant's] focus on damages must refer to" a federal infringement suit. 504 F.3d at 1158. Rather, this is a situation where there is no real and reasonable apprehension that Plaintiff would be subject to liability if it continued to use the DROPBOX mark. *Realty Experts Inc. v. RE Realty Experts, Inc.*, No. 11–CV–1546 JLS (CAB), 2012 WL 699512 (S.D. Cal. 2012) (granting motion to dismiss for lack of subject matter jurisdiction and distinguishing *Rhoades*).

There is no reason to doubt that the parties' dispute can be resolved through the TTAB proceedings. The right of appeal adds another layer of protection for the parties' rights. Accordingly, the Court should exercise its discretion to decline Plaintiff's claims and permit the parties to have their registration dispute heard before the TTAB where such an action is already pending.

## IV.   CONCLUSION

For the foregoing reasons, Thru respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment.

Dated: June 10, 2015

HARVEY SISKIND LLP
IAN K. BOYD
KATE W. McKNIGHT

FERGUSON, BRASWELL & FRASER, PC
JOHN M. CONE (*pro hac vice* pending)

By: _____/s/_____
Ian K. Boyd

Attorneys for Defendant
THRU INC.