HARVEY SISKIND LLP
IAN K. BOYD (SBN 191434)
Email: iboyd@harveysiskind.com
KATE W. MCKNIGHT (SBN 264197)
Email: kmcknight@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

FERGUSON, BRASWELL & FRASER, PC
JOHN M. CONE (*pro hac vice* pending)
Email: jcone@dallasbusinesslaw.com
2500 Dallas Parkway #501
Plano, Texas 75093
Telephone: (972) 378-9111
Facsimile:  (972) 378-9115

Attorneys for Defendant
THRU, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THRU, INC.,<br>a Delaware corporation,<br><br>Defendant. | Case No. C 15-01741 EMC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Hearing Date:  July 23, 2015<br>Time:  1:30 P.M.<br>Courtroom:  5, 17th Floor<br>Judge:  Hon. Edward M. Chen |

1        The issue before the Court is simple – should it permit Dropbox to proceed with a declaratory

2   judgment action, preempting proceedings now pending before the Trademark Trial and Appeal

3   Board?  The answer is no.

4        Dropbox does not cite one case on point in support of its contention that the Court should

5   allow Dropbox to pull an end run around the statutory administrative procedures empowering the

6   USPTO to determine the validity of a federal trademark registration.  Instead, Dropbox devotes its

7   Opposition to citing cases which are not on all fours with this one.

8        As shown below, cases that <u>are</u> on all fours with the instant action confirm that the Court

9   should not use the Declaratory Judgment Act to remove a controversy from the Agency where it

10  properly belongs.  The Court should grant Thru's motion and dismiss the action.

11      **1.**     **The current dispute is solely about registrability, not use.**

12       The sole issue between the parties is who is entitled to a federal trademark registration for the

13  mark DROPBOX.  The party able to establish priority of use will be so entitled.  There is no pending

14  dispute as to either party's use of the DROPBOX mark.

15       Thru was the first to use and establish trademark rights in the term DROPBOX.  As Dropbox

16  admits, it started to use the term in 2008 (Dkt# 21 p. 2 ln. 21).  Thru started use in 2004.  Despite this

17  clear priority, Dropbox claims superior rights based on its purchase in 2013 of a trademark

18  application originally filed by Officeware Corporation d/b/a Filesanywhere.com which claimed a date

19  of first use of August 4, 2004.  At the time of the purchase, Officeware Corporation had opposed

20  Dropbox's application No. 77/817716 based on Officeware Corporation's earlier use of the mark

21  DROPBOX.  After the purchase, which settled the opposition, Dropbox's application proceeded to

22  registration as Registration No. 4478345.

23       Thru filed a cancellation proceeding immediately after that registration.  Officeware

24  Corporation's application No. 85/012206, now owned by Dropbox, proceeded to publication and

25  Thru opposed it.  The proceeding to cancel Registration No. 4478345 and the Opposition to

26  application No. 85/012206 are the "multiple adversary proceedings" referred to by Dropbox in its

27  Opposition.  Dkt# 21 p. 2 ln. 9.

1    The opposition and cancellation proceedings concern solely the question of whether Dropbox

2  is entitled to registration of the DROPBOX mark.  Thru has never in its communications with

3  Dropbox threatened proceedings for infringement.  Moreover, in its Complaint, Dropbox does not

4  claim that Thru is infringing its rights nor does it seek an injunction or damages for trademark

5  infringement.  The Complaint contains only a request for declaratory relief, not substantive relief.[1]

6    **2.     The Declaratory Judgment Act should not be used to preempt**
7  **TTAB proceedings.**

8    In *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 393 (S.D.N.Y.

9  2011), the defendant, like Thru here, moved to dismiss a declaratory judgment action for lack of

10  subject matter jurisdiction, or as a matter of the discretion provided the court in the Declaratory

11  Judgment Act.  Finding "no actual controversy sufficient to establish federal jurisdiction," the Court

12  granted the defendant's motion to dismiss.[2]  *Id.*

13    The defendant in *Vina Casa*, upon learning of the publication of plaintiff's trademark

14  application for the mark TAMAYA, sent a demand letter to the plaintiff requesting that the

15  application be abandoned, but not objecting to continued use of the mark.  The plaintiff did not

16  respond to the letter and defendant filed an opposition before the TTAB.  After the TTAB

17  proceedings were underway, the plaintiff there, like Dropbox here, filed an action for declaratory

18  judgment.  The defendant argues that the plaintiff was "attempting to misuse the Declaratory

19  Judgment Act to remove an administrative action from the TTAB in the absence of any threat of

20  litigation or claim of trademark infringement."  *Id.* at 394.

21    The District Court assessed the Declaratory Judgment Act under the *MedImmune* standard

22  and agreed, finding that:

23

24

25  _____

[1] Even in its request for leave to amend (Dkt#21 p. 2 ln 10-13), the possible amendment is not to add
26  a claim for trademark infringement, but to bolster its factual allegations to justify a finding of actual
controversy.

27  [2] The court additionally found that even if it had jurisdiction, it would have declined to exercise it.  *Id.*

-2-

> Under the totality of the circumstances here, plaintiff has failed to show an 'actual controversy' sufficient to establish federal jurisdiction pursuant to the Declaratory Judgment Act.  The dispute between Vina Casa and [defendant] centers on Vina Casa's attempted registration – not *use* – of the TAMAYA mark. … [Defendant] did not claim trademark infringement, contest plaintiff's continued use of the mark, or make any further demands. … Thus what exists here is a dispute before the TTAB regarding registration of the TAMAYA mark.
>
> [*Id. at 395* (emphasis in original)]

Citing *Bruce Winston Gem Corp. v. Harry Winston, Inc.*, 2010 WL 3629592 (S.D.N.Y. Sept. 16, 2010) (an action "remarkably similar to the case at bar"), the *Vina Casa* court stated:  "[E]ven after *Medimmune*, 'the existence of a dispute before the TTAB is insufficient to establish sufficient adversity for purposes of a declaratory judgment action.'"[3]

The *Vina Casa* court went on to state that "[t]he TTAB is the appropriate forum to resolve the only concrete dispute between the parties – that is, the dispute over registration of the TAMAYA mark."  *Id.* at 397.

Professor McCarthy is aligned with the holding of *Vina Casa.*  "The declaratory judgment procedure cannot be used to short-circuit established administrative procedures, such as those set up in the Patent and Trademark Office to determine the validity of a federal trademark registration." *McCarthy on Trademarks and Unfair Competition* § 32:53.  "Where an administrative proceeding is already under way, the courts should not short-circuit the proceeding by entertaining a suit for declaratory judgment unless there are independent grounds such as a threat of infringement litigation."  *Id.*

*Medimmune* does not change the fact that "the declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review. … Responsibility for effective functioning of the administrative process cannot be thus transferred from

---

[3] Notably, the plaintiff in *Vina Casa* contended that defendant's rejection of a settlement that would have allowed plaintiff to continue to use its mark was evidence of an actual controversy about use. The *Vina Casa* court still did not find an actual controversy.  *Id.* at 396.  Dropbox has not, and cannot, allege that Thru has ever objected to Dropbox's mere use of the DROPBOX mark in any context.

1    the bodies in which Congress has placed it to the courts." *Public Service Comm'n v. Wycoff Co.*, 344

2    U.S. 237, 246-247 (1952).

3           **3.**    **The Court should decline to exercise its discretion in support of**

4                  **jurisdiction.**

5         In deciding this Motion, the Court should consider the nature and purpose of a Declaratory

6    Judgment action.  It is a discretionary remedy.  The statute says so expressly: "the Court *may* declare

7    the rights and other legal relationships of any interested party seeking such declaration" (emphasis

8    added).  28 U.S.C. § 2201(a).

9         The statute seeks to remedy the situation in which one party continuously asserts rights

10   against another party, yet refuses to bring them before a competent tribunal, preferring a course of

11   harassment and intimidation.  *See, e.g.*, *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372

12   (Fed. Cir. 2007); *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151 (9th Cir. 2007).

13        In such circumstances, there is a case or controversy between the parties and sound reasons

14   for a court to take jurisdiction of the dispute.  That situation is not before the Court in this action.

15   Thru has not sought to evade judicial determination of its claim to priority of right.  Rather, it has

16   initiated proceedings to contest Dropbox, Inc.'s right to registration of DROPBOX in the forum that

17   Congress, through the Lanham Act, 15 U.S.C. § 1051 *et seq.*, provides for such disputes.

18        As the *Vina Casa* court stated:  "The Court further notes that even if it had jurisdiction here, it

19   would still decline to exercise that jurisdiction. … [T]he legal relations at issue here concern the

20   registrability of Vina Casa's TAMAYA mark.  That dispute can properly be resolved in the TTAB

21   proceeding already underway.  As in *Bruce Winston*, '[t]he pursuit of this action does not further an

22   efficient resolution of any dispute between the parties."  Moreover, "[t]he fact that plaintiff moved to

23   suspend the TTAB proceeding soon after filing this action squints in the direction of forum shopping

24   and thus militates against the exercise of jurisdiction."[4]  *Id.* at 397 n.2.

25

26

27   [4] Dropbox filed its motion to suspend the TTAB proceedings on April 17, 2015, the same day it filed
     the Complaint in this action.

-4-

1    The U.S. Supreme Court recently confirmed that the TTAB is fully capable of resolving such

2    issues.  *See  B&B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S.Ct. 1293,1299 (2015) (TTAB

3    finding of likelihood of confusion in opposition proceeding entitled to collateral estoppel effect in

4    subsequent District Court infringement litigation).  The Supreme Court noted that TTAB proceedings

5    "are in many ways similar to a civil action in a federal district court," being "largely governed by the

6    Federal Rules of Civil Procedure and Evidence" and allowing for discovery and depositions.

7    Thru has elected to have the issue of which party is entitled to a federal trademark registration

8    for the mark DROPBOX to be determined by the TTAB.  The TTAB's decision will fully resolve this

9    issue between the parties.

10    There is no good reason for this Court to take the proceedings away from the agency with

11    special expertise in deciding matters of trademark priority and registration.  Accordingly, even if

12    there is a case or controversy, the Court should decline to exercise its discretion to entertain this

13    action and not reward Dropbox's attempt to forum shop this dispute.

14    **4.    Dropbox's cited authority is neither on point nor persuasive.**

15    Dropbox cites numerous cases to support its claim that a justiciable controversy, providing

16    subject matter jurisdiction, exists.  Yet none of the cited cases, unlike *Vina Casa*, have fact patterns

17    on all fours with this one.  None mandate that the Court must find a case or controversy based on the

18    facts before it, yet alone that it should exercise its discretion and take this dispute away from the

19    agency created by Congress to decide it.

20    For example, in *Surefoot*, there were repeated claims of trademark infringement.  *Surefoot LC

21    v. Sure Foot Corp.*, 531 F.3d 1236, 1238 (10th Cir. 2008).  *Surefoot* stressed the discretionary nature

22    of the remedy and the requirement of "sufficient immediacy" before declaratory judgment

23    proceedings are entertained.  *Id*. at 1244.

24    In *Active Sports*, the plaintiff had filed substantive infringement proceedings.  In a

25    counterclaim, defendant sought a declaration of non-infringement with respect to a mark that had not

26    been asserted in the complaint, but which was "often used together with" the marks that were.  *Active

27

-5-

1   *Sports Lifestyle USA, LLC v. Old Navy, LLC*, 2012 U.S. Dist. Lexis 103273, \*9, WL 2951924  (C.D.

2   Cal. 2012).

3        While this Court in *Activevideo Networks* found subject matter jurisdiction, it was in the

4   context of patent infringement, where no forum other than the District Court exists to decide the

5   merits of the party's position.  *Activevideo Networks, Inc. v. Trans. Video Elecs., Ltd.*, 972 F. Supp.

6   2d 1083 (N.D. Cal. 2013).  None of the cited cases mandates a finding of an existing case or

7   controversy in this case.[5]

8        The cases relied on by Dropbox are neither binding nor persuasive on the issue of exercise of

9   discretion.  Moreover, in each case where discretion was exercised to keep the action, there was no

10  alternative judicial forum in which the asserted claims could be resolved.

11  ///

12  ///

13  ///

---

[5] In discussing whether a district court should decline to entertain a declaratory judgment action in favor of a TTAB proceeding, the Ninth Circuit has noted the factors generally favoring deference to an agency of special expertise, but declined to apply it to TTAB proceedings on the basis that there is no finality to its judgments.  *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1163 (9th Cir. 2007). Yet this reasoning no longer applies after *B&B Hardware*.  *B&B Hardware*, 135 S.Ct. at 1308. *Rhoades* is further inapplicable to this action because it does not involve claims of infringement litigation.

-6-

1

## CONCLUSION

2      A mere dispute about the ownership of registration of a mark does not give rise to an actual

3    controversy under the Declaratory Judgment Act.  In addition, the Court should not reward plaintiff's

4    attempt at forum shopping by exercising its discretion to preempt proceedings already pending before

5    the TTAB.

6      The Court should dismiss the action and permit the parties to fully and efficiently resolve their

7    dispute before the TTAB, as Congress intended.

8

9    Dated:  July 1, 2015                 HARVEY SISKIND LLP

10                                   IAN K. BOYD
                                    KATE W. McKNIGHT

11

12                                    FERGUSON, BRASWELL & FRASER, PC
                                    JOHN M. CONE (*pro hac vice* pending)

13                                    By:           /s/

14                                            Ian K. Boyd

15                                    Attorneys for Defendant

16                                    THRU INC.

17

18

19

20

21

22

23

24

25

26

27

REPLY IN SUPPORT OF MOTION                               CASE NO. C 15-01741 EMC
TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT