IAN K. BOYD, State Bar No. 191434
KATE W. McKNIGHT, State Bar No. 264197
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124
iboyd@harveysiskind.com
kmcknight@harveysiskind.com

JOHN M. CONE (admitted *pro hac vice*)
FERGUSON, BRASWELL & FRASER, PC
2500 Dallas Parkway #501
Plano, Texas 75093
Telephone: (972) 378-9111
Facsimile: (972) 378-9115
jcone@dallasbusinesslaw.com

Attorneys for Defendant
THRU INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>THRU INC., a Delaware corporation,<br><br>              Defendant. | Case No. C 15-01741 EMC<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIM** |

In answer to Plaintiff Dropbox, Inc.'s ("Dropbox") Complaint for Declaratory Relief in this action, Defendant Thru Inc. ("Thru") would respectfully show the Court as follows:

    1.    Thru admits the allegations of Paragraph 1 of the Complaint.

    2.    Thru admits the allegations of Paragraph 2 of the Complaint.

    3.    Thru admits that Dropbox has brought an action for declaratory relief, but denies that Thru has made groundless threats or that Dropbox owns valid rights in the trademark DROPBOX. Thru admits it has asserted superior rights to the DROPBOX mark; denies that it

has at the time of filing of the Complaint "repeatedly accused Dropbox of trademark infringement;" admits it has initiated two proceedings at the United States Patent and Trademark Office ("USPTO") to invalidate Dropbox's federal trademark registrations for the DROPBOX mark and to oppose Dropbox's separately filed trademark application for the DROPBOX mark; admits it seeks to obtain its own registration of the mark DROPBOX and has stated that if Dropbox was unwilling to engage in confidential settlement discussions, it would "exercise all options to take advantage of maximizing the value of the [trademark] asset." Thru denies any remaining allegations of Paragraph 3 of the Complaint.

4.  Thru admits that Dropbox seeks a declaration that its use and registration of the trademark DROPBOX do not, and will not, infringe upon or otherwise violate Thru's purported trademark rights.

5.  Thru denies that this Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 because at the time the Complaint was filed, there was no "actual controversy" between Dropbox and Thru to provide a basis for jurisdiction. Thru admits the purported controversy arises under the trademark law of the United States.

6.  Thru admits that if this Court had subject matter jurisdiction over the Complaint, venue is proper in this District.

7.  Thru admits the allegations of Paragraph 7 of the Complaint.

8.  Thru lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 of the Complaint.

9.  Thru lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the Complaint.

10. Thru admits the allegations of Paragraph 10 of the Complaint.

11. Thru admits the allegations of Paragraph 11 of the Complaint.

12. Thru admits the allegations of Paragraph 12 of the Complaint.

13. Thru denies that the additional trademark rights Dropbox acquired from Officeware Corporation are senior to Thru's rights, or that the purported assignment of rights

1  was effective to entitle Dropbox to priority based on any use of DROPBOX by Officeware

2  Corporation.  Thru admits the balance of the allegations of Paragraph 13 of the Complaint.

3      14.    Thru denies the allegations of Paragraph 14 of the Complaint.

4      15.    Thru lacks knowledge or information sufficient to form a belief about the truth of

5  the allegations of Paragraph 15 of the Complaint.

6      16.    Thru lacks knowledge or information sufficient to form a belief about the truth of

7  the allegations of Paragraph 16 of the Complaint.

8      17.    Thru lacks knowledge or information sufficient to form a belief about the truth of

9  the allegations of Paragraph 17 of the Complaint.

10     18.    Thru denies the allegations of Paragraph 18 of the Complaint.

11     19.    Thru denies the allegations of Paragraph 19 of the Complaint.

12     20.    The statement in Paragraph 20 does not require a responsive pleading.

13     21.    Thru lacks knowledge or information sufficient to form a belief about the truth of

14 the allegations that Dropbox adopted the mark DROPBOX more than three years before

15 November 17, 2011, and the allegation that this was "long after Dropbox's mark had become

16 well known in the marketplace."  Thru admits that on November 17, 2011, it filed with the

17 USPTO an application for the mark DROPBOX as alleged in Paragraph 21 of the Complaint.

18     22.    Thru denies the allegations of Paragraph 22 of the Complaint.

19     23.    Thru denies the allegations of Paragraph 23 of the Complaint.

20     24.    Thru denies the allegations of Paragraph 24 of the Complaint.

21     25.    Thru admits the allegations of Paragraph 25 of the Complaint.

22     26.    Thru admits the allegations of Paragraph 26 of the Complaint other than any

23 implication arising from the use of "resumed" that Thru at any time rested from its claim of

24 superior rights in the DROPBOX mark.

25     27.    Thru admits the allegations of Paragraph 27 of the Complaint.

26     28.    Thru denies that it has "persisted with further threats and demands against

27 Dropbox."  Thru admits that its attorney made the statement quoted in Paragraph 28 of the

28 Complaint.

1    29.    Thru admits the allegations of Paragraph 29 of the Complaint.

2    30.    Thru denies the allegations of Paragraph 30 of the Complaint.

3    31.    Paragraph 31 of the Complaint does not require a responsive pleading.

4    32.    Thru denies the allegations of Paragraph 32 of the Complaint.

5    33.    Thru lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 of the Complaint.

7    34.    Thru denies the allegations of Paragraph 34 of the Complaint.

8    35.    Thru denies the allegations of Paragraph 35 of the Complaint.

9    36.    Thru denies the allegations of Paragraph 36 of the Complaint.

10   37.    Thru denies the allegations of Paragraph 37 of the Complaint.

11   38.    Thru denies the allegations of Paragraph 38 of the Complaint.

12   39.    Thru denies the allegations of Paragraph 39 of the Complaint.

WHEREFORE Thru prays that Dropbox's Complaint and the relief requested be denied and that Thru receive such other relief, legal or equitable to which the Court may find it entitled.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    The complaint is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

3.    The complaint is barred because the assignment of the DROPBOX mark to Dropbox is in gross and invalid.

### FOURTH AFFIRMATIVE DEFENSE

4.    The complaint is barred because Dropbox's DROPBOX marks have been abandoned due to naked licensing.

### FIFTH AFFIRMATIVE DEFENSE

5.    Thru reserves its right to assert and rely upon additional affirmative defenses that may be identified through the course of this action.

## COUNTERCLAIM FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

THRU INC., Counter-Plaintiff, for its counterclaims against Counter-Defendant DROPBOX, INC. would respectfully show the Court as follows:

### INTRODUCTION

1. At least as early as May 2004, Thru's predecessor began using the trademark DROPBOX in connection with the advertising, offering for sale, and sale of its electronic file sharing services to its clients.

2. On information and belief, Dropbox started to operate a competing business under the name and mark DROPBOX in about 2008, long after Thru had established rights to the trademark DROPBOX.  Dropbox's use of the name and mark DROPBOX is likely to cause, and has in fact caused, confusion as to whether Thru and Dropbox are associated, or affiliated.

### THE PARTIES

3. Thru is a corporation organized and existing under the laws of the State of Delaware.   Its principal place of business is at 909 Lake Carolyn Parkway, Suite 750, Irving, Texas 75039.

4. Dropbox is, on information and belief, a corporation organized under the laws of the State of Delaware, having its principal place of business at 185 Berry Street, Suite 400, San Francisco, California 94107.

### JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction in this counterclaim under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Federal Trademark Act, 15 U.S.C. § 1052 *et*. *seq*.  Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) because they assert claims of unfair competition and are joined with substantial and related claims under the Federal Trademark laws.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Dropbox is doing business in this District and is considered to "reside" in the District for venue purposes.

**FACTS**

7. Thru's use of DROPBOX, several years before Dropbox first used the mark DROPBOX, gives it priority of right as the senior user of the mark.

8. Dropbox's subsequent use of DROPBOX as a trade name and trademark for its file storage, sharing and transfer services constitutes use of a mark that is identical to Thru's mark for services that are the same as Thru's services and are provided to an overlapping customer base.

9. As a result of Dropbox's use of DROPBOX, the public has been deceived, or confused, and is likely to be deceived and confused as to whether Dropbox's services are provided by Thru, or vice versa, or whether the two businesses are associated or affiliated, or whether Dropbox's business is sponsored or approved by Thru, or vice versa.

**COUNT I**
**UNFAIR COMPETITION BY USE OF**
**FALSE AND MISLEADING REPRESENTATION**
**(15 U.S.C. § 1125(a)(1)(A))**

10. Thru, by virtue of its substantial and continuous use since 2004 of the name and mark DROPBOX, has trademark rights in that term.

11. Thru's rights in DROPBOX were established before Dropbox's first use of DROPBOX, and before any other act of Dropbox establishing priority rights in the mark DROPBOX.

12. Dropbox's use of the name and mark DROPBOX constitutes use in interstate commerce, in connection with Dropbox's services of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Dropbox with Thru, or as to the origin, sponsorship, or approval of Dropbox's services by Thru, or vice versa.

13. Dropbox's use of DROPBOX is likely to cause confusion among the relevant purchasing public. This confusion constitutes irreparable harm to Thru, which will continue unless Dropbox is enjoined by this Court.

**COUNT II**
**COMMON LAW PASSING OFF**
**AND UNFAIR COMPETITION**

14. Thru realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 13 of the Counterclaim.

15. The unauthorized use of the DROPBOX trade name and the DROPBOX trademark and service mark by Dropbox constitutes passing off and unfair competition of the DROPBOX mark in violation of the common law of California.

16. Such wrongful acts have caused and will continue to cause Thru irreparable harm. Thru has no adequate remedy at law.

17. Thru is entitled to a judgment enjoining and restraining Dropbox from engaging in further acts of infringement and unfair competition.

**COUNT III**
**UNFAIR COMPETITION**
**(CAL. BUS. & PROF. CODE §§ 17200 *et seq.*)**

18. Thru repeats and realleges the allegations made in paragraphs 1 through 18 as if fully set forth herein.

19. Dropbox, through the conduct alleged herein, has engaged in and continues to engage in unlawful, unfair, and/or fraudulent conduct in violation of Section 17200 *et seq.* of the California Business & Professions Code.  Dropbox has also engaged in and continues to engage in conduct that is deceptive, untrue and misleading in violation of California Business & Professions Code, Section 17500, which also constitutes a violation of Section 17200.

20. The unlawful conduct in which Dropbox has engaged and continues to engage includes violations of Thru's trademark rights under federal law and California state law.

21. As a direct and proximate result of the foregoing acts and conduct, Thru has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, including without limitation the loss of consumer goodwill. Thru is informed and believes and on that basis averts that unless enjoined and restrained by this

Court, Dropbox will continue to engage in unlawful and wrongful conduct in violation of California law.  Thru is entitled to permanent injunctive relief.

### COUNT IV
### CANCELLATION OF TRADEMARK
### REGISTRATION AND REFUSAL OF APPLICATION
### (15 U.S.C. § 1119)

22.     Section 1119 of Title 15 empowers the Court in any action involving a registered mark to determine the rights of registration and to order the cancellation of a registration.  The power includes the right to uphold or deny oppositions to applications for registration of marks.

23.     Dropbox is the owner of Registration No. 4,478,345 DROPBOX and Application No. 85/012,206 DROPBOX.  Thru has filed Petition No. 92058621 to cancel Registration No. 4,478,345 and Opposition No. 91219070 to deny registration of Application No. 85/012,206.  In both cases, the basis for Thru's actions is its prior rights in the trademark DROPBOX and likelihood of confusion under 15 U.S.C. § 1052(d).

24.     The Court should order cancellation of Registration No. 4,478,345 and deny registration of Application No. 85/012,206.

### **PRAYER**

Thru respectfully requests:

(1)     that this Court preliminary and permanently enjoin Dropbox, its parents, subsidiaries, officers, directors, employees, agents, licensees and franchisees, and all persons acting in participation or concert with Dropbox:

(a)     from using the name and mark DROPBOX, or any other name or mark confusingly similar to DROPBOX, or any copy or colorable imitation of DROPBOX, in connection with the sale, advertising or promotion of any services;

(b)     from using in commerce the name and mark DROPBOX or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or

1 association of Dropbox with Thru, or vice versa, or as to the origin, sponsorship, or approval of
2 Dropbox's services or commercial activities by Thru, or vice versa.

3     (2)    that Dropbox be ordered to deliver up for destruction any and all labels, signs,
4 prints, packages, wrappers, receptacles, menus, and advertising in Dropbox's possession bearing
5 the DROPBOX name and mark;

6     (3)    that in any injunction the Court direct Dropbox to file with this Court and serve
7 on Thru, within thirty (30) days after the service on Dropbox of the injunction, a report in writing
8 under oath setting forth in detail the manner and form in which Dropbox has complied with the
9 injunction;

10     (4)    that this Court direct the U.S. Patent and Trademark Office that U.S. Registration
11 No. 4,478,345 be cancelled;

12     (5)    that this Court direct the U.S. Patent and Trademark Office that Application S.N.
13 85/012,206 be refused registration; and

14     (6)    that Thru recovers such further and other relief, legal or equitable, that this Court
15 finds just.

Dated: August 6, 2015

Respectfully submitted,

HARVEY SISKIND LLP
IAN K. BOYD
KATE W. McKNIGHT

FERGUSON, BRASWELL & FRASER, PC
JOHN M. CONE (admitted *pro hac vice*)

By:   /s/ Ian K. Boyd
       Ian K. Boyd

Attorneys for Defendant/Counter-Plaintiff
THRU INC.