DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
STEPHANIE S. BRANNEN, State Bar No. 295880
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com
sbrannen@wsgr.com

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>THRU INC., a Delaware corporation,<br><br>        Defendant.<br>_____<br>THRU INC., a Delaware corporation,<br><br>        Counterclaimant,<br><br>    v.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>        Counter-Defendant. | Case No. 3:15-CV-01741-EMC<br><br>**DROPBOX'S ANSWER TO COUNTERCLAIM** |

Plaintiff and Counter-Defendant Dropbox, Inc. ("Plaintiff"), by and through its undersigned counsel, files this Answer to the Counterclaim of Defendant Thru Inc. ("Defendant" or "Thru") as follows:

## COUNTERCLAIM

## INTRODUCTION

1. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim and on that basis denies those allegations.

2. Plaintiff admits that it has used the name and mark DROPBOX since at least as early as 2008, but otherwise denies the allegations contained in Paragraph 2 of the Counterclaim.

## THE PARTIES

3. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Counterclaim and on that basis denies those allegations.

4. Plaintiff admits the allegations contained in Paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

5. Plaintiff admits the allegations contained in Paragraph 5 of the Counterclaim.

6. Plaintiff admits the allegations contained in Paragraph 6 of the Counterclaim.

## FACTS

7. Plaintiff denies the allegations contained in Paragraph 7 of the Counterclaim.

8. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaim and on that basis denies those allegations.

9. Plaintiff denies the allegations contained in Paragraph 9 of the Counterclaim.

## COUNT I
## UNFAIR COMPETITION BY USE OF FALSE AND MISLEADING REPRESENTATION (15 U.S.C. § 1125(A)(1)(A))

10. Plaintiff denies the allegations contained in Paragraph 10 of the Counterclaim.

11. Plaintiff denies the allegations contained in Paragraph 11 of the Counterclaim.

1  12. Plaintiff admits that its use of the name and mark DROPBOX constitutes use in interstate commerce, but Plaintiff otherwise denies the allegations contained in Paragraph 12 of the Counterclaim.

13. Plaintiff denies the allegations contained in Paragraph 13 of the Counterclaim.

**COUNT II**
**COMMON LAW PASSING OFF**
**AND UNFAIR COMPETITION**

14. Paragraph 14 of the Counterclaim does not require a response.

15. Plaintiff denies the allegations contained in Paragraph 15 of the Counterclaim.

16. Plaintiff denies the allegations contained in Paragraph 16 of the Counterclaim.

17. Plaintiff denies the allegations contained in Paragraph 17 of the Counterclaim.

**COUNT III**
**UNFAIR COMPETITION**
**(CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)**

18. Paragraph 18 of the Counterclaim does not require a response.

19. Plaintiff denies the allegations contained in Paragraph 19 of the Counterclaim.

20. Plaintiff denies the allegations contained in Paragraph 20 of the Counterclaim.

21. Plaintiff denies the allegations contained in Paragraph 21 of the Counterclaim.

**COUNT IV**
**CANCELLATION OF TRADEMARK**
**REGISTRATION AND REFUSAL OF APPLICATION**
**(15 U.S.C. § 1119)**

22. Paragraph 22 of the Counterclaim states legal conclusions to which no response is required.

23. Plaintiff admits that it is the owner of Registration No. 4,478,345 for the mark DROPBOX and Application No. 85/012,206 for the mark DROPBOX, and admits that Thru has filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office Petition No. 92058621 to cancel Registration No. 4,478,345 and Opposition No. 91219070 to deny registration of Application No. 85/012,206. Plaintiff otherwise denies the allegations contained in Paragraph 23 of the Counterclaim.

1  24.  Plaintiff denies the allegations contained in Paragraph 24 of the Counterclaim.

## AFFIRMATIVE DEFENSES

Plaintiff alleges the following affirmative and other defenses, reserving the right to modify, amend and/or expand upon these defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE

25.  The Counterclaim fails to adequately state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

26.  Defendant's claims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

27.  Defendant's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

28.  Defendant's claims are barred, in whole or in part, by the doctrine of acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

29.  Defendant's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

30.  Defendant's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

31.  Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

32.  Defendant's claims are barred, in whole or in part, because Plaintiff's trademark rights are senior to Defendant's rights, if any.

## NINTH AFFIRMATIVE DEFENSE

33. Defendant's claims are barred in part because 15 U.S.C. § 1119 does not authorize the court to provide the requested relief, namely denial of registration of Application No. 85/012,206.

Dated: August 31, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *John L. Slafsky*
    DAVID H. KRAMER
    JOHN L. SLAFSKY
    STEPHANIE S. BRANNEN

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Dropbox, Inc. hereby demands a trial by jury of all issues triable by a jury.

Dated: August 31, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *John L. Slafsky*
 DAVID H. KRAMER
 JOHN L. SLAFSKY
 STEPHANIE S. BRANNEN

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.