DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
JACOB T. VELTMAN, State Bar No. 247597
KEVIN L. SPARK, State Bar No. 275146
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com
jveltman@wsgr.com
kspark@wsgr.com

Attorneys for Plaintiff
DROPBOX, INC.

IAN K. BOYD, State Bar No. 191434
KATE W. McKNIGHT, State Bar No. 264197
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124
iboyd@harveysiskind.com
kmcknight@harveysiskind.com

JOHN M. CONE, *pro hac vice*
FERGUSON, BRASWELL & FRASER, PC
2500 Dallas Parkway #501
Plano, Texas 75093
Telephone: (972) 378-9111
Facsimile: (972) 378-9115
jcone@dallasbusinesslaw.com

Attorneys for Defendant
THRU INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>THRU INC., a Delaware corporation,<br><br>    Defendant. | Case No. 3:15-CV-01741-EMC (MEJ)<br><br>**STIPULATED PROTECTIVE ORDER** |

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure

and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or consultant of a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or consultant of a Party or a Party's competitor.

2.7   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

1   less restrictive means.  Information qualifying for "Highly Confidential – Attorneys' Eyes Only"

2   includes: (a) marketing, financial, sales, web traffic, research and development, or technical, data

3   or information; (b) commercially sensitive competitive information, including, without limitation,

4   information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA");

5   (c) information or data relating to future products not yet commercially released and/or strategic

6   plans; and, (d) commercial agreements, settlement agreements or settlement communications, the

7   disclosure of which is likely to cause  harm to the competitive position of the producing party.

8         2.8     <u>House Counsel</u>: attorneys who are employees of a party to this action. House

9   Counsel does not include Outside Counsel of Record or any other outside counsel.

10       2.9     <u>House Litigation Counsel:</u> House Counsel whose responsibilities relate primarily to

11   litigation and who have filed with the Court and served on the opposing party at least ten days

12   prior to the disclosure to them of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

13   information or documents the certifications required by the Court's direction at the December 10,

14   2015 Case Management Conference in this action.

15       2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

16   entity not named as a Party to this action.

17       2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

18   action but are retained to represent or advise a party to this action and have appeared in this action

19   on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

20       2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

21   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

22       2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

23   Material in this action.

24       2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services

25   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

26   organizing, storing, or retrieving data in any form or medium) and their employees and

27   subcontractors.

28       2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To

1   the extent it is practical to do so, the Designating Party must designate for protection only those

2   parts of material, documents, items, or oral or written communications that qualify – so that other

3   portions of the material, documents, items, or communications for which protection is not

4   warranted are not swept unjustifiably within the ambit of this Order.

5       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

6   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

7   unnecessarily encumber or retard the case development process or to impose unnecessary

8   expenses and burdens on other parties) expose the Designating Party to sanctions.

9       If it comes to a Designating Party's attention that information or items that it designated

10  for protection do not qualify for protection at all or do not qualify for the level of protection

11  initially asserted, that Designating Party must promptly notify all other parties that it is

12  withdrawing the mistaken designation.

13      5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

14  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

15  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

16  designated before the material is disclosed or produced.

17      Designation in conformity with this Order requires:

18          (a)     <u>for information in documentary form</u> (e.g., paper or electronic documents,

19  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

20  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

21  EYES ONLY" to each page that contains protected material.

22      A Party or Non-Party that makes original documents or materials available for inspection

23  need not designate them for protection until after the inspecting Party has indicated which material

24  it would like copied and produced. During the inspection and before the designation, all of the

25  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

26  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

27  copied and produced, the Producing Party must determine which documents, or portions thereof,

28  qualify for protection under this Order. Then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A party or non-party that intends to bring an individual (other than Outside Counsel of Record and House Counsel) to observe a deposition shall provide notice to all other parties and any applicable non-parties so that those parties and non-parties can determine whether they have any objection to the observing individual being present.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform

1   the court reporter of these requirements. Any transcript that is prepared before the expiration of a

2   21-day period for designation shall be treated during that period as if it had been designated

3   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

4   agreed. After the expiration of that period, the transcript shall be treated only as actually

5   designated.

6           (c)      for information produced in some form other than documentary and for any

7   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

8   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

9   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of

10  the information or item warrant protection, the Producing Party, to the extent practicable, shall

11  identify the protected portion(s) and specify the level of protection being asserted.

12          5.3     Inadvertent Failures to Designate. Inadvertent or unintentional production of

13  documents or things containing Protected Material that are not designated as one or more of the

14  two categories of Protected Material at the time of production shall not be deemed a waiver in

15  whole or in part of a claim for confidential treatment.  With respect to documents, the producing

16  party shall upon discovery notify the other parties of the error in writing and provide replacement

17  pages bearing the appropriate confidentiality legend.

18  **VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

19          6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

20  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

21  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

22  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

23  challenge a confidentiality designation by electing not to mount a challenge promptly after the

24  original designation is disclosed.

25          6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution

26  process by providing written notice of each designation it is challenging and describing the basis

27  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

28  notice must recite that the challenge to confidentiality is being made in accordance with this

1   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

2   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

3   forms of communication are not sufficient) within 14 days of the date of service of notice. In

4   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

5   designation was not proper and must give the Designating Party an opportunity to review the

6   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

7   explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

8   the challenge process only if it has engaged in this meet and confer process first or establishes that

9   the Designating Party is unwilling to participate in the meet and confer process in a timely

10  manner.

11         6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

12  intervention, the Challenging Party may file and serve a motion to retain confidentiality under

13  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). Each such

14  motion must be accompanied by a competent declaration affirming that the movant has complied

15  with the meet and confer requirements imposed in the preceding paragraph. The burden of

16  persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous

17  challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

18  expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties

19  shall continue to afford the material in question the level of protection to which it is entitled under

20  the Designating Party's designation until the court rules on the challenge.

21  **VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

22         7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

23  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

24  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

25  the categories of persons and under the conditions described in this Order. When the litigation has

26  been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

27  DISPOSITION).

28         Protected Material must be stored and maintained by a Receiving Party at a location and in

1   a secure manner that ensures that access is limited to the persons authorized under this Order.

2          7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

3   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

4   information or item designated "CONFIDENTIAL" only to:

5          (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

6   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

7   information for this litigation;

8          (b)    the officers, directors, and employees (including House Counsel) of the

9   Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed

10  the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who have been identified to

11  the Designating Party in advance of the disclosure;

12         (c)    Experts (as defined in this Order) of the Receiving Party to whom

13  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

14  and Agreement to Be Bound" (Exhibit A);

15         (d)    the court and its personnel;

16         (e)    court reporters and their staff, professional jury or trial consultants, and

17  Professional Vendors to whom disclosure is reasonably necessary for this litigation;

18         (f)    during their depositions, witnesses in the action to whom disclosure is

19  reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court.

20  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

21  must be separately bound by the court reporter and may not be disclosed to anyone except as

22  permitted under this Stipulated Protective Order.

23         (g)    the author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information.

25         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

27  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      Up to two House Litigation Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(c)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d)      the court and its personnel;

(e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

1   seeks a protective order, the Receiving Party shall not produce any information in its possession or

2   control that is subject to the confidentiality agreement with the Non-Party before a determination

3   by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense

4   of seeking protection in this court of its Protected Material.

5   **X.**    **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

6         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7   Material to any person or in any circumstance not authorized under this Stipulated Protective

8   Order, counsel for the Receiving Party must immediately (a) notify in writing the Designating

9   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

10   the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

11   made of all the terms of this Order, and (d) request such person or persons to execute the

12   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Compliance

13   with the foregoing shall not prevent the Designating Party from seeking further relief from the

14   Court.

15   **XI.**    **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

16

17         When a Producing Party gives notice to Receiving Parties that certain inadvertently

18   produced material is subject to a claim of privilege or other protection, the obligations of the

19   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

20   provision is not intended to modify whatever procedure may be established in an e-discovery order

21   that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

22   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

23   communication or information covered by the attorney-client privilege or work product protection,

24   the parties may incorporate their agreement in the stipulated protective order submitted to the

25   court.

26   **XII.**   **<u>MISCELLANEOUS</u>**

27        12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

28   seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## XIII.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request by the Designating Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are not required to purge their email (with the exception of emails that have been printed or saved as a stand-alone file) and are entitled to retain an archival copy of all pleadings, motion papers,

1   trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

2   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

3   such materials contain Protected Material. Any emails or archival copies that contain or constitute

4   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

5          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6

7   Dated:  January 13, 2016                  WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
8

9                                             By:  /s/ John  L. Slafsky_____
                                                       John L. Slafsky
10
                                              Attorneys for Plaintiff,
11                                            DROPBOX, INC.

12

13  Dated:  January 13, 2016                  HARVEY SISKIND LLP

14
                                              By:  /s/ Ian K. Boyd_____
15                                                     Ian K. Boyd

16                                            Attorneys for Defendant,
                                              THRU INC.
17

18          PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20  Dated: _____           _____
                                              HON. MARIA-ELENA JAMES
21                                            United States Magistrate Judge

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of Dropbox, Inc. v. Thru Inc., No. 3:15-cv-

01741-. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
             [printed name]

Signature: _____
             [signature]