

650 Page Mill Road
Palo Alto, CA 94304-1050

PHONE 650.493.9300
FAX 650.493.6811

www.wsgr.com

February 12, 2016

*Via ECF*

The Honorable Maria-Elena James
United States Magistrate Judge
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

  **Re:** *Dropbox, Inc. v. Thru, Inc.*, **Case No. 15-cv-01741-EMC (MEJ)**

Dear Judge James:

  Plaintiff Dropbox, Inc. ("Dropbox") is a San Francisco-based provider of online file storage services. In 2015, it initiated this action against Defendant Thru, Inc. ("Thru"), a Dallas-based provider of online file storage services. Thru claims that it has marketed its products and services under the mark DROPBOX since 2004. Dropbox's Complaint seeks a declaratory judgment that Dropbox's use of the DROPBOX mark does not infringe any trademark rights held by Thru. Thru has counterclaimed for infringement against Dropbox.

  On November 4, 2015, Dropbox propounded its first sets of requests for production (Ex. A) and interrogatories (Ex. B). Thru served responses and objections (Exs. C and D) on December 14, 2015.

  Pursuant to the Court's Order dated February 1, 2016 (Dkt. # 49), counsel for Dropbox met and conferred in the Court's chambers today regarding disputes over Thru's responses.  The parties agreed to address their disputed issues as follows:

<u>Document Requests</u>

- Thru has agreed to complete its production of documents by February 26, 2016;

- Thru has agreed to provide a privilege log by February 26, 2016;

- Thru has agreed to provide a list of the custodians from which it has collected and reviewed documents by February 26, 2016;

- Thru confirms that for those requests for which it has agreed to produce responsive documents, it is not withholding any documents due to any objection other than privilege;

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Maria-Elena James
February 12, 2016
Page 2

- Thru has agreed to withdraw its confidentiality objection to the requests for production for which it was interposed, in light of the Court's entry of a protective order;

- For document requests seeking documents "sufficient to show" information, Thru has confirmed that the "representative documents" it has agreed to produce will be "sufficient to show" the requested information;

- For document requests seeking all documents relating to a topic for which Thru has agreed to produce responsive documents, Thru will either produce all non-privileged, responsive documents or will identify the classes of documents it does not agree to produce and explain why it is not producing all responsive documents by February 26, 2016;

- Thru has agreed to produce all responsive, non-privileged documents that can be located after a reasonable search as to the following requests for production: 2, 38, 47, 56-57, 72, 72.5 (referred to as 69 erroneously), and 77-80;

Interrogatories

- Thru has agreed to review all of its interrogatory responses and supplement them as it deems appropriate by February 26, 2016. Dropbox believes it is entitled to the detail called for by Dropbox's letter of January 4, 2016, and during the meet and confer called out issues including but not limited to requests that:

    o Thru provide a response that meets the substance of the request of Interrogatory No. 2;

    o Thru evaluate its response to Interrogatory No. 10 and either stand by its response or provide a supplemental response by February 26 2016 including all nonprivileged information;

    o Thru provide a supplemental response to Interrogatory No. 12 that in addition to providing additional detail confirms that the time period identified is the first time Thru's directors and employees became aware of the existence of Dropbox, Inc.

    o Thru provide a supplemental response to Interrogatory No. 7 that specifically states the first date on which a "TM" or "SM" symbol appeared in connection with the DROPBOX mark on the Thru website.

- Thru agrees that it will not withhold any information responsive to any interrogatory for which it has provided a response on the basis of any objection other than privilege;

- Thru agrees that if it fails to include responsive, non-privileged information in its amended interrogatory responses that it knew or should have known as of the time of supplementation,

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Maria-Elena James
February 12, 2016
Page 3

> it will be precluded from introducing that information at trial or in response to any dispositive motion;

- Thru will remove references to ranges of produced documents from its supplemental information and will include the responsive information it believes can be obtained from those documents or cite specific documents containing the information;

- Dropbox is not waiving its right to object to amended responses and/or production and/or privilege assertions from Thru;

- The parties will similarly work together in good faith to resolve any concerns that Thru may have with Dropbox's discovery responses.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI          HARVEY SISKIND LLP
Professional Corporation

/s/ David H. Kramer                                              /s/ Ian K. Boyd
　　David H. Kramer                                              　　Ian K. Boyd

*Attorneys for Dropbox, Inc.*                                    *Attorneys for Thru, Inc.*

**SO ORDERED:**

_____
The Honorable Maria-Elena James
U.S. Magistrate Judge