DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
KEVIN L. SPARK, State Bar No. 275146
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com
kspark@wsgr.com

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THRU INC., a Delaware corporation, ) <br> ) <br> Defendant. ) <br>  ) <br> THRU INC., a Delaware corporation, ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> DROPBOX, INC., a Delaware corporation, ) <br> ) <br> Counter-Defendant. ) <br>  ) | CASE NO.: 3:15-CV-01741-EMC (MEJ) <br><br> **DROPBOX'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Date:   June 9, 2016 <br> Time:   1:30 pm <br> Dept:   Courtroom 5, 17th Floor <br> Before: Honorable Edward M. Chen |

## NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT

**PLEASE TAKE NOTICE** that on Thursday, June 9, 2016, at 1:30 p.m., or as soon as the Court's calendar permits, in Courtroom 5, 17th Floor of the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Edward M. Chen, Plaintiff and Counter-Defendant Dropbox, Inc. ("Dropbox") will and hereby does move this Court, pursuant to Local Rule 7-1, for an order granting Dropbox leave to amend its Complaint.

Dropbox seeks leave to amend its Complaint in order to add certain claims. In furtherance of Dropbox's motion, Dropbox submits the Declaration of John L. Slafsky ("Slafsky Decl."); a copy of the proposed Amended Complaint, attached as Exhibit A to the Slafsky Declaration; and a form of the Amended Complaint that indicates in what respects the amended pleading differs from the initial pleading, attached as Exhibit B to the Slafsky Declaration. Dropbox has also filed herewith a proposed Order pursuant to Local Rule 7-2(c).

Thru opposes the motion.

This motion is based upon the Memorandum of Points and Authorities below, the Slafsky Declaration, and the files and records in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. ISSUE TO BE DECIDED

Should Dropbox be granted leave to amend its Complaint to add additional claims?

## II. INTRODUCTION

This action arises from a trademark dispute. Plaintiff and Counter-Defendant Dropbox, Inc. ("Dropbox") seeks a declaration of non-infringement regarding its use of the DROPBOX trademark ("the mark"). Defendant and Counterclaimant Thru Inc. ("Thru") claims superior rights in the mark. Fact discovery is scheduled to close in July, with trial scheduled for January 2017.

Since the start of the action, Dropbox has been skeptical of a number of advertising claims that Thru, an alleged competitor in the field of online file storage, has directed at the marketplace. Now, having reviewed Thru's long-delayed document production and having taken the deposition of a former Thru executive, Dropbox has confirmed a pattern of false and misleading statements by Thru. Illustrative examples of Thru's false advertising include the following misrepresentations about itself:

- "Is there a secure alternative to Dropbox? Thru has [been one] since 2004";
- "Thru is trusted in over 170 countries and continues to exchange billions of files each year without a single recorded data breach."; and
- "Security is core to our service, and our multilayered architecture along with these certifications and best practices has kept Thru free from any security breaches in its 14-year history."[1]

These statements were plainly intended to lure businesses and other consumers into thinking that Thru's products and service are superior to those offered by Dropbox.

The discovery Dropbox has obtained confirms that these and other marketing assertions by Thru are demonstrably false. Dropbox thus seeks to amend its Complaint to add the following claims: false advertising in violation of Section 43(a) of the Lanham Act; false

---

[1] These statements appear on either Thru's website or its Twitter account. *See* Slafsky Decl. ¶¶ 11-12, 14, Exs. C-D, F.

advertising in violation of California Business and Professions Code § 17500 *et seq.*; and unfair competition in violation of California Business and Professions Code § 17200 *et seq*. Thru's advertising campaign reflects systemic misrepresentations directed at Dropbox's customers. Adding these claims to this action at this relatively early stage will allow Dropbox to redress Thru's misconduct without having to bring a separate action and will not prejudice Thru in any manner.

## III.     BACKGROUND

### A.     Procedural Posture

In April 2015, Dropbox responded to Thru's baseless threats directed at Dropbox's use of the DROPBOX mark by filing this declaratory judgment action. Dropbox seeks, among other relief, a declaration that its rights to the DROPBOX mark are superior to any claimed by Thru. In August 2015, Thru answered Dropbox's Complaint and asserted counterclaims against Dropbox, including several that allege unfair competition.

Fact-gathering in this case has only recently begun. In December 2015, Dropbox deposed Thomas Skybakmoen, a former Thru executive who was a key member of Thru's senior management, and whom Thru identified as the initial source of Thru's trademark assertions. As Thru's Vice President of Marketing and Product Strategy, Mr. Skybakmoen was responsible for "spear head[ing] the company's marketing efforts and strategic product direction."[2] Significantly, Mr. Skybakmoen testified that, throughout the period of his employment, Thru habitually exaggerated its security capabilities and third-party security certifications, as well as the size and scope of its business, in order to lure customers and attempt to expand its business. Slafsky Decl. ¶ 4.

Dropbox served requests for production on November 4, 2015. *Id.* ¶ 2. Thru produced nothing for months and ignored Dropbox's repeated entreaties to discuss its refusal. Only after Dropbox invoked the Court-ordered in-person meet and confer process did Thru finally agree to

---

[2] Slafsky Decl. ¶ 13 & Ex. E (Thru web page titled "Thru Appoints New VP of Marketing to Forward Thru's Position as a Leading Provider of Managed File Transfer as a Service").

produce anything meaningful.[3] Thru documents finally arrived between February 26 and March 2, 2016,[4] and they constituted a massive dump of more than a million pages. *Id.* ¶ 6. Dropbox immediately began reviewing the morass of materials. In its review, Dropbox discovered a host of documents confirming Mr. Skybakmoen's testimony: that Thru repeatedly misrepresented aspects of its business, including the security and trustworthiness of its platform, third-party security certifications it claimed to have, as well as the size and scope of its business. *Id.* Upon discovering these documents, Dropbox contacted Thru and asked if it would stipulate to Dropbox adding claims for false advertising. *Id.* ¶ 7. Thru refused. *Id*. ¶ 8.

### B. Factual Background

Dropbox provides software and services relating to online collaboration and to storage and synchronization of data, documents, and other content. Users who download Dropbox's software to their computers, tablets, or mobile phones can save files—such as documents, photos, and videos—to designated folders, and these files are automatically synced to the users' other devices and are accessible from the <dropbox.com> website.[5]

Thru holds itself out as a provider of enterprise file sharing and collaboration services and a competitor of Dropbox. *See* Answer to Complaint for Declaratory Relief and Counterclaim (filed Aug. 6, 2015), Dkt. 33 (claiming "Dropbox started to operate a competing business under the name and mark DROPBOX in about 2008").

---

[3] *See* Dropbox's Request for Telephonic Conference (filed Feb. 1, 2016), Dkt. 48 (explaining that Thru produced no documents in response to Dropbox's requests for production and refused to participate in a conference to address discovery deficiencies); Declaration of John Slafsky in Support of Dropbox's Request for Telephonic Conference (filed Feb. 1, 2016), Dkt. 48-1 (detailing Dropbox's numerous requests to meet and confer in January 2016); Order for Parties to Appear for Discovery Meet and Confer Session (filed Feb. 1, 2016), Dkt. 49 (ordering in-person conference on February 12, 2016); Discovery Order at 1 (filed Feb. 12, 2016), Dkt. 51 ("Thru has agreed to complete its production of documents by February 26, 2016[.]").

[4] Although Thru produced some documents to Dropbox on February 10, 2016, that production contained over 500,000 pages of unreadable computer logs and other materials irrelevant to this case. Slafsky Decl. ¶ 5. Thru did not begin a meaningful production until February 26, 2016, the date ordered by the Court. Thru also failed, in violation of the Court's Order, to produce a privilege log on that date or to identify the custodians from whom it collected documents. Dropbox will be moving separately to address these continuing discovery defaults.

[5] *See* DROPBOX, https://www.dropbox.com (last visited May 3, 2016).

After Dropbox's software and services achieved extraordinary commercial success and popularity, Thru endeavored to promote its products and services to the detriment of Dropbox. The documents and testimony Dropbox has obtained show that Thru willfully made false, deceitful, and misleading statements about its products and services and, in doing so, routinely compared its products to those offered by Dropbox. In the proposed Amended Complaint, Dropbox alleges that Thru misled its customers, potential customers, and the public regarding the security of Thru's products and services and the independent certifications Thru had obtained. Thru also regularly misrepresented its size, revenues, employee headcount, and scope of operations to secure business and try to divert customers from Dropbox and others. Slafsky Decl. ¶¶ 4, 6. As a direct consequence of Thru's misrepresentations, Thru was unjustly enriched and Dropbox has incurred damages and injury to its business.

## IV.  ARGUMENT

The Court should allow Dropbox to amend its Complaint to add false advertising claims to this case. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires" and reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Decisions from the Ninth Circuit and the Northern District of California consistently apply Rule 15(a) to permit amendments with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Canatella v. Reverse Mortg. Sols. Inc.*, No. 13-cv-05937-HSG, 2016 U.S. Dist. LEXIS 15809, at *2 (N.D. Cal. Feb. 9, 2016); *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997).

Because Rule 15 favors liberal amendment, in the Ninth Circuit the non-moving party bears the burden of demonstrating why leave to amend should be denied. *See, e.g.*, *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989); *accord Ceballos v. Contra Costa*

*Cty.*, No. C 13-04584 LB, 2014 U.S. Dist. LEXIS 80160, at *6 (N.D. Cal. June 9, 2014).  In assessing whether Thru can carry its burden, the Court is to consider factors including: "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment." *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman*, 371 U.S. at 182).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (citation omitted).  Under the circumstances presented here, Thru cannot possibly sustain its burden, and leave to amend should be granted.

**A.     The Proposed Amendment Will Not Cause Undue Delay**

As an initial matter, this case is still in the early stages; there have been no substantive rulings, the Court did not impose a deadline to amend the pleadings,[6] the parties are still in discovery, and no party depositions have yet occurred.  There can be no undue delay where, as here, discovery is not scheduled to close for nearly three more months.  *See James v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 U.S. Dist. LEXIS 146759, at *11 (N.D. Cal. Oct. 11, 2012) (citing *Am. Express Travel Related Servs. Co., Inc. v. D & A Corp.*, No. CV-F-04-6737 OWW/TAG, 2007 U.S. Dist. LEXIS 65998 (E.D. Cal. Aug. 28, 2007)).

Dropbox has not unduly delayed in bringing this matter forward.  The question of undue delay asks "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Harris v. Best Buy Stores, L.P.*, No. 15-cv-00657-HSG, 2015 U.S. Dist. LEXIS 166520, at *5-7 (N.D. Cal. Dec. 11, 2015) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)).  That is not the case here.  Dropbox learned of the facts supporting its false advertising and unfair competition claims in discovery in this case, first when it deposed Thru's former executive, and then when it finally received and was able to process documents after months of delay by Thru.  Possessed of that information, Dropbox diligently prepared an amended complaint and notified Thru of its intention to assert

---

[6] This Court's Case Management Order dated July 24, 2015 does not impose a deadline for amendment of the pleadings.  *See* Case Management and Pretrial Order for Jury Trial (filed July 24, 2015), Dkt. 32.

additional claims.  In short, Dropbox did what a party should under the circumstances—engaged in a reasonable investigation to ensure it had a good faith basis for adding claims and then acted promptly in seeking to add them.

### B. The Proposed Amendment Is Not the Product of Bad Faith

"In order for the Court to find that a moving party filed for leave to amend in bad faith, the opposing party must offer evidence that shows 'wrongful motive' on the part of the moving party." *dpiX LLC v. Yieldboost Tech, Inc.*, No. 14-cv-05382-JST, 2015 U.S. Dist. LEXIS 117267, at *11 (N.D. Cal. Sept. 2, 2015) (citing *DCD Programs*, 833 F.2d at 187).  "Bad faith may exist where 'the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories.'"  *Id.* (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)).  To the contrary, Dropbox seeks leave to amend at a time when discovery continues and when the addition of new claims poses no threat of prolonging the litigation, and the claims it asserts are based on more than ample support in the evidence it has gathered so far.  *See DCD Programs*, 833 F.2d at 187 (holding that "wait[ing] until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct" was "a satisfactory explanation" for plaintiffs' delay in adding a defendant).

### C. Dropbox Has Not Previously Amended the Complaint

Dropbox has not previously amended its Complaint, and this factor too weighs in favor of granting Dropbox leave to amend.  *See Slavkov v. Fast Water Heater I, LP*, No. 14-cv-04324-JST, 2015 U.S. Dist. LEXIS 114224, at *7-8 (N.D. Cal. Aug. 27, 2015) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990))).

### D. Amendment Will Not Prejudice Thru

Most importantly, Dropbox's proposed amendment to add false advertising claims in this case, as opposed to bringing them in a separate action, would not prejudice Thru.  Prejudice is the "'touchstone of the inquiry under [R]ule 15(a)'" and "carries the greatest weight" of the four factors considered by the court.  *Eminence Capital*, 316 F.3d at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).  "The party opposing

1  amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.  Even if
2  some possibility of prejudice is shown, it must be substantial to warrant denial of leave to amend
3  on that ground.  *See Giuliano v. SanDisk Corp.*, No. C 10-02787 SBA, 2014 U.S. Dist. LEXIS
4  132163, at *17-18 (N.D. Cal. Sept. 19, 2014) (citing *Morongo Band of Mission Indians v. Rose*,
5  893 F.2d 1074, 1079 (9th Cir. 1990)).

6        Thru cannot be heard to complain of prejudice because it has to defend against these new
7  claims.  "[T]he burden of having to defend a new claim alone is not undue prejudice under Rule
8  15."  *Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2015 U.S. Dist. LEXIS 108227, at
9  *17-18 (N.D. Cal. Aug. 17, 2015) (quoting *Dep't of Fair Emp't & Hous. v. Law Sch. Admission
10 Council, Inc.*, No. 12-cv-1830 EMC, 2013 U.S. Dist. LEXIS 16942, at *16 (N.D. Cal. Feb. 6,
11 2013)).  Whether leave is granted here or Dropbox pursues a claim in a separate action, Thru will
12 have to defend it.  And this is certainly not a case where "new claims 'would have greatly altered
13 the nature of the litigation and would have required defendants to have undertaken, at a late hour,
14 an entirely new course of defense.'"  *Castro v. City of Union City*, No. 14-cv-00272-MEJ, 2015
15 U.S. Dist. LEXIS 79332, at *23-24 (N.D. Cal. June 18, 2015) (quoting *Morongo Band of
16 Mission Indians*, 893 F.2d at 1079).  The claims Dropbox proposes to add are not far afield from
17 those already pending.  Both stem from Thru's marketing efforts, which are replete with false
18 and misleading statements and which frequently invoke the DROPBOX mark.

19       Thru should not need much, if any, additional discovery from Dropbox on the new
20 claims.  Indeed, the claims stem from advertising and sales statements that Thru itself made to
21 third parties.  As a result, Thru already has knowledge of the facts central to these claims, and
22 many documents evidencing these statements have already been produced in this case.  In any
23 event, "'the prospect of additional discovery needed by the non-moving party in itself [does not]
24 constitute a sufficient showing of prejudice.'"  *PNY Techs., Inc. v. Sandisk Corp.*, No. 11-cv-
25 04689-WHO, 2014 U.S. Dist. LEXIS 9858, at *15-16 (N.D. Cal. Jan. 27, 2014) (quoting *Tyco
26 Thermal Controls LLC v. Redwood Industrials*, No. 06-cv-7164 JF, 2009 U.S. Dist. LEXIS
27 115933, at *10 (N.D. Cal. Dec. 14, 2009)).  Moreover, to the extent it needs further discovery,
28

1  Thru has ample time to seek it within the current court schedule.  Discovery in this case is

2  ongoing, and trial is more than eight months away.[7]

3  In sum, Thru cannot carry its burden of establishing unfair prejudice from Dropbox's

4  proposed amendments.

5  **E.  Amendment Will Not Be Futile**

6  In the Ninth Circuit, "[a] proposed amendment is futile only if no set of facts can be

7  proved under the amendment to the pleadings that would constitute a valid and sufficient claim."

8  *dpiX LLC*, 2015 U.S. Dist. LEXIS 117267, at *9 (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d

9  209, 214 (9th Cir. 1988)); *see also Foman*, 371 U.S. at 182 ("If the underlying facts or

10  circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded

11  an opportunity to test his claim on the merits.").  The proposed Amended Complaint properly

12  states the elements of the claims alleged, and thus would not be subject to dismissal.  Slafsky

13  Decl. ¶ 9 & Ex. A.  The proposed claims have a strong factual and legal foundation, and the

14  proposed amendments certainly cannot be said to be futile as a matter of law.  *See James*, 2012

15  U.S. Dist. LEXIS 146759, at *14-15.

16  **V.   CONCLUSION**

17  For the reasons described above, Dropbox hereby respectfully requests that the Court

18  grant its motion for leave to file the proposed Amended Complaint, attached to the Slafsky

19  Declaration as Exhibit A.

20

21  Dated:  May 4, 2016         WILSON SONSINI GOODRICH & ROSATI
                                Professional Corporation

22

23                              By:   /s/ John L. Slafsky
                                      DAVID H. KRAMER
24                                    JOHN L. SLAFSKY
                                      KEVIN L. SPARK
25
                                Attorneys for Plaintiff and Counter-Defendant
26                              DROPBOX, INC.

---

27  [7] In seeking Thru's consent to its proposed Amended Complaint, Dropbox offered to stipulate to any reasonable change in schedule that Thru thought the amendment would
28  necessitate.  Slafsky Decl. ¶ 7.  Thru rejected all notion of an amendment and did not propose any schedule modifications.  *Id*. ¶ 8.

DROPBOX'S MOTION FOR                        -9-                CASE NO. 3:15-CV-001741-EMC (MEJ)
LEAVE TO AMEND COMPLAINT