DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
KEVIN L. SPARK, State Bar No. 275146
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com
kspark@wsgr.com

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THRU INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>THRU INC., a Delaware corporation,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>　　　　Counter-Defendant. | CASE NO.: 3:15-CV-01741-EMC (MEJ)<br><br>**DECLARATION OF JOHN L. SLAFSKY IN SUPPORT OF DROPBOX'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:　June 9, 2016<br>Time:　1:30 pm<br>Dept:　Courtroom 5, 17th Floor<br>Before:　Honorable Edward M. Chen |

I, John L. Slafsky, declare:

1. I am an attorney admitted to practice law before this Court, and am a member of the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel for Plaintiff and Counter-Defendant Dropbox, Inc. ("Dropbox"). I have personal knowledge of the facts set forth in this Declaration. I submit this Declaration in connection with Dropbox's Motion for Leave to Amend Complaint.

2. On November 4, 2015, Dropbox served its first set of interrogatories and first set of requests for production on Defendant and Counterclaimant Thru Inc. ("Thru").

3. On December 14, 2015, Thru responded to Dropbox's first set of interrogatories and first set of requests for production, but Thru produced no documents to Dropbox on this date.

4. On December 22, 2015, Dropbox deposed Thomas Skybakmoen, a former Thru employee. Mr. Skybakmoen testified that Thru routinely exaggerated aspects of its business, including the security and trustworthiness of its platform, the company's third-party security certifications, and the size and scope of its business.

5. On February 10, 2016, Thru initially produced documents in response to Dropbox's first set of requests for production. This production contained over 500,000 pages of unreadable computer logs and other materials irrelevant to this case.

6. Between February 26, 2016 and March 2, 2016, Thru produced additional documents in response to Dropbox's first set of requests for production. Thru failed to produce a privilege log or to identify the custodians from whom it collected documents, as expressly required by court order. These productions constituted more than one million pages. In its review of these documents, Dropbox discovered documents confirming that Thru has made false, deceptive, and/or misleading statements regarding the security and trustworthiness of its platform, the company's third-party security certifications, and the size and scope of its business.

7. On April 27, 2016, I sent a proposed Amended Complaint to Thru's counsel. In this email message, I asked that Thru indicate whether or not it would consent to the amendment, and I explained that Dropbox would stipulate to any reasonable change in schedule that Thru believed the amendment would necessitate.

1    8.   On May 4, 2016, Thru's counsel responded that it refused to consent to
Dropbox's amendment of the complaint.  Thru did not propose any modifications to the schedule in this matter.

4    9.   Attached hereto as Exhibit A is a true and correct copy of the Amended Complaint that Dropbox proposes to file in this action.  It reflects the same claims as and only minor edits to the version previously provided to Thru.

7    10.  Attached hereto as Exhibit B is a redline showing differences between the Amended Complaint and the original Complaint.

9    11.  Attached hereto as Exhibit C is a true and correct copy of a web page printed from http://www.thruinc.com on April 28, 2016.

11   12.  Attached hereto as Exhibit D is a true and correct copy of a web page printed from http://www.thruinc.com/about-us on April 28, 2016.

13   13.  Attached hereto as Exhibit E is a true and correct copy of a web page printed from http://www.thruinc.com/analyst-and-press/thomas-skybakmoen on April 28, 2016.

15   14.  Attached hereto as Exhibit F is a true and correct copy of a web page printed from https://twitter.com/ThruMFT/status/530525331355336704 on April 28, 2016.  This web page shows a Twitter post from @ThruMFT dated November 6, 2014.

18   I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California, on May 4, 2016.

                                                /s/ John L. Slafsky
                                                 John L. Slafsky