United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPBOX, INC.,<br>          Plaintiff,<br>    v.<br>THRU INC.,<br>          Defendant. | Case No. 15-cv-01741-EMC   (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 64 |

       Following a discovery request by Plaintiff Dropbox, Inc. ("Dropbox") regarding Defendant Thru Inc. ("Thru")'s failure to produce documents, the Court ordered the parties to meet and confer in chambers on February 12, 2016.  Dkt. No. 49.  As a result of the parties' negotiations, they agreed upon a production schedule and submitted a proposed order.  Dkt. No. 50.  On February 12, the Court issued the Order, which required Thru to search for and produce by February 26, 2016 (1) all of its responsive documents; (2) a list of the custodians from whom it collected; and (3) its privilege log.  Dkt. Nos. 50, 51.

       The parties have now filed a joint letter in which Dropbox contends Thru is in violation of the Order and seeks sanctions as a result, requesting the Court: (1) bar Thru from introducing any document produced after February 26; (2) find that Thru has waived the attorney-client privilege as to the subject matter of the 241 withheld documents cited in its log and order Thru to produce those documents; (3) extend by three months Dropbox's deadline for fact discovery; and (4) order Thru to pay Dropbox's fees and costs incurred in compelling Thru's compliance with its discovery obligations.  Dkt. No. 64.  Thru admits that it was tardy in complying with the Discovery Order due to unforeseen issues, but states it has now complied with its obligations, and it contends Dropbox fails to point to any prejudice or damage that the delay caused.

As an initial matter, paragraph 5 of the undersigned's Discovery Standing Order provides that motions for sanctions shall be filed separately, pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rules 7 and 37-3.  As Dropbox does not appear to seek further production, and neither party included a proposed compromise on the issues in dispute (as required under paragraph 3 of the Standing Order), this matter would have been more properly addressed in the form of a noticed motion.  Regardless, having reviewed the parties' positions, sanctions are unwarranted.  The Court notes the parties worked together to draft an order setting a February 26, 2016 production deadline and, despite its efforts, Thru was unable to comply with the deadline. However, Thru maintains it has now complied with its obligations and Dropbox does not appear to seek further production.  Moreover, discovery remains open and if Dropbox contends more time is needed based on Thru's delay, it may seek an extension of the discovery deadline from the presiding judge, preferably in the form of a stipulation and proposed order from both parties.

**IT IS SO ORDERED.**

Dated: May 31, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

2