# EXHIBIT A

DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
PETER C. HOLM, State Bar No. 299233
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com
pholm@wsgr.com

Attorneys for Plaintiff
DROPBOX, INC.

IAN K. BOYD, State Bar No. 191434
KATE W. McKNIGHT, State Bar No. 264197
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124
iboyd@harveysiskind.com
kmcknight@harveysiskind.com

JOHN M. CONE, *pro hac vice*
FERGUSON, BRASWELL & FRASER, PC
2500 Dallas Parkway #501
Plano, Texas 75093
Telephone: (972) 378-9111
Facsimile: (972) 378-9115
jcone@dallasbusinesslaw.com

Attorneys for Defendant
THRU INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>THRU INC., a Delaware corporation,<br><br>    Defendant.<br><br>THRU INC., a Delaware corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>    Counter-Defendant. | Case No. 3:15-CV-01741-EMC (MEJ)<br><br>**SECOND AMENDED STIPULATED PROTECTIVE ORDER** |

**I.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for purposes other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Amended Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Amended Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**II.     DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or consultant of a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or consultant of a Party or a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Information qualifying for "Highly Confidential – Attorneys' Eyes Only" includes: (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" of a technical nature representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     House Litigation Counsel: House Counsel whose responsibilities relate primarily to litigation and who have filed with the Court and served on the opposing party at least ten days prior to the disclosure to them of any HIGHLY CONFIDENTIAL information or documents the certifications required by the Court's December 11, 2015 minute order ("December 11

1 Certification"). House Litigation Counsel who subsequently cease to qualify as House Litigation
2 Counsel shall file with the Court and serve on the opposing party a certification confirming that
3 they 1) have fully complied with the December 11 Certification and this Order, and will continue
4 to do so, and 2) will no longer access information designated as HIGHLY CONFIDENTIAL
5 moving forward.

6       2.10    Non-Party: any natural person, partnership, corporation, association, or other legal
7 entity not named as a Party to this action.

8       2.11    Outside Counsel of Record: attorneys who are not employees of a party to this
9 action but are retained to represent or advise a party to this action and have appeared in this action
10 on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

11       2.12    Party: any party to this action, including all of its officers, directors, employees,
12 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13       2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery
14 Material in this action.

15       2.14    Professional Vendors: persons or entities that provide litigation support services
16 (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
17 organizing, storing, or retrieving data in any form or medium) and their employees and
18 subcontractors.

19       2.15    Protected Material: any Disclosure or Discovery Material that is designated as
20 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as
21 "HIGLY CONFIDENTIAL – SOURCE CODE."

22       2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a
23 Producing Party.

24 **III.**    **SCOPE**

25       The protections conferred by this Stipulation and Order cover not only Protected Material
26 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
27 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
28 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

1    If it comes to a Designating Party's attention that information or items that it designated
2 for protection do not qualify for protection at all or do not qualify for the level of protection
3 initially asserted, that Designating Party must promptly notify all other parties that it is
4 withdrawing the mistaken designation.

5    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order
6 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
7 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
8 designated before the material is disclosed or produced.

9    However, if a Party has disclosed Discovery Material that qualifies as HIGHLY
10 CONFIDENTIAL – SOURCE CODE information prior to the entry of this Amended Stipulated
11 Protective Order, the Party may still apply the HIGHLY CONFIDENTIAL – SOURCE CODE
12 designation to the disclosed Discovery Material.

13    Designation in conformity with this Order requires:

14    (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents,
15 but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
16 Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
17 ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected
18 material.

19    A Party or Non-Party that makes original documents or materials available for inspection
20 need not designate them for protection until after the inspecting Party has indicated which material
21 it would like copied and produced. During the inspection and before the designation, all of the
22 material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – SOURCE
23 CODE." After the inspecting Party has identified the documents it wants copied and produced, the
24 Producing Party must determine which documents, or portions thereof, qualify for protection
25 under this Order. Then, before producing the specified documents, the Producing Party must affix
26 the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
27 EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains
28 Protected Material. If only a portion or portions of the material on a page qualifies for protection,

1  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

2  markings in the margins) and must specify, for each portion, the level of protection being asserted.

3          (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

4  that the Designating Party identify on the record, before the close of the deposition, hearing, or

5  other proceeding, all protected testimony and specify the level of protection being asserted. When

6  it is impractical to identify separately each portion of testimony that is entitled to protection and it

7  appears that substantial portions of the testimony may qualify for protection, the Designating Party

8  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

9  to have up to 21 days to identify the specific portions of the testimony as to which protection is

10  sought and to specify the level of protection being asserted. Only those portions of the testimony

11  that are appropriately designated for protection within the 21 days shall be covered by the

12  provisions of this Amended Stipulated Protective Order. Alternatively, a Designating Party may

13  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

14  entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

16      A party or non-party that intends to bring an individual (other than Outside Counsel of

17  Record and House Counsel) to observe a deposition shall provide notice to all other parties and

18  any applicable non-parties so that those parties and non-parties can determine whether they have

19  any objection to the observing individual being present.  The use of a document as an exhibit at a

20  deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

22  CODE."

23      Transcripts containing Protected Material shall have an obvious legend on the title page

24  that the transcript contains Protected Material, and the title page shall be followed by a list of all

25  pages (including line numbers as appropriate) that have been designated as Protected Material and

26  the level of protection being asserted by the Designating Party. The Designating Party shall inform

27  the court reporter of these requirements. Any transcript that is prepared before the expiration of a

28  21-day period for designation shall be treated during that period as if it had been designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

    (c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

  5.3 <u>Inadvertent Failures to Designate</u>. Inadvertent or unintentional production of documents or things containing Protected Material that are not designated as one or more of the two categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. With the exception of the circumstances described in Subsection (a), a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(a) Dropbox, Inc., may use Protected Material disclosed or produced by Thru, Inc. or by a Non-Party for the purpose of bringing, prosecuting, or attempting to settle a separate litigation against Thru Inc. for false advertising, unfair competition, and related claims. The Parties agree to stipulate to a Protective Order with substantially the same provisions as this Order in the separate litigation, and the Parties further agree that any Protected Material under this Order will be considered Protected Material under the Protective Order in the separate litigation. Until the entry of such a Protective Order, the Parties will observe the provisions of this Order as though it had been entered in the separate litigation. Dropbox agrees that its complaint in the separate litigation will not attach or quote from any item designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order. Dropbox may nonetheless include information learned or gathered from Protected Material in its complaint in the separate litigation; provided, however, that Dropbox shall not utilize any Protected Information in the subsequent litigation in any manner which would not be permitted under this Order if it was pursuing such claims in the current litigation.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who have been identified to the Designating Party in advance of the disclosure;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

1  (e) court reporters and their staff, professional jury or trial consultants, and
2 Professional Vendors to whom disclosure is reasonably necessary for this litigation;
3  (f) during their depositions, witnesses in the action to whom disclosure is
4 reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court.
5 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material
6 must be separately bound by the court reporter and may not be disclosed to anyone except as
7 permitted under this Amended Stipulated Protective Order.
8  (g) the author or recipient of a document containing the information or a
9 custodian or other person who otherwise possessed or knew the information.

10  7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
11 <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the
12 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
13 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:
14  (a) the Receiving Party's Outside Counsel of Record in this action, as well as
15 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
16 information for this litigation;
17  (b) Up to two House Litigation Counsel of the Receiving Party (1) who have no
18 involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for
19 this litigation and (3) who have signed the "Acknowledgment and Agreement to Be Bound"
20 (Exhibit A).
21  (c) Experts of the Receiving Party (1) to whom disclosure is reasonably
22 necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be
23 Bound" (Exhibit A);
24  (d) the court and its personnel;
25  (e) court reporters and their staff, professional jury or trial consultants, and
26 Professional Vendors to whom disclosure is reasonably necessary for this litigation; and
27  (f) the author or recipient of a document containing the information or a
28 custodian or other person who otherwise possessed or knew the information.

1       7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

        (a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

        (b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)     the court and its personnel;

        (d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

        (e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation (with the exception of the litigation described in section 7.1(a)) that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

        (a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Amended Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Amended Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

1       (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Amended Stipulated Protective Order, counsel for the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Compliance with the foregoing shall not prevent the Designating Party from seeking further relief from the Court.

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Amended Stipulated Protective Order submitted to the court.

## XII. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## XIII. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request by the Designating Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are not required to purge their email (with the exception of emails that have been printed or saved as a stand-alone file) and are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any emails or archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 6, 2016

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ John L. Slafsky
John L. Slafsky

Attorneys for Plaintiff,
DROPBOX, INC.

Dated: July 6, 2016

HARVEY SISKIND LLP

By: /s/ Ian K. Boyd
Ian K. Boyd

Attorneys for Defendant,
THRU INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
HON. EDWARD M. CHEN
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Dropbox, Inc. v. Thru Inc., No. 3:15-cv-01741-. I agree to comply with and to be bound by all the terms of this Amended Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]