DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com
kspark@wsgr.com

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>THRU INC., a Delaware corporation,<br><br>       Defendant.<br><br>THRU INC., a Delaware corporation,<br><br>       Counterclaimant,<br><br>  v.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>       Counter-Defendant. | Case No. 3:15-CV-01741-EMC (MEJ)<br><br>**DROPBOX'S SUPPLEMENTAL STATEMENT FOR STATUS CONFERENCE**<br><br>Date:     July 28, 2016<br>Time:    9:45 a.m.<br>Before:  Hon. Edward M. Chen<br>Courtroom: 5 |

Dropbox, Inc. ("Dropbox") submits this Supplemental Status Report to update the Court on the progress of discovery in this matter and to request a brief extension of the case schedule to accommodate witness and attorney scheduling conflicts for depositions.[1]

The current discovery cutoff in this matter is August 11. Dropbox and Thru, Inc. ("Inc.") have essentially completed their written discovery efforts and have conducted several depositions to date. Several more depositions, however, remain to be conducted. Thru has made clear that it is unable to conduct all of the remaining depositions within the context of the current case schedule.

The conflicts are as follows:

- Thru's Vice President of Marketing, Subashini Simha, was noticed and confirmed for deposition on July 14. On July 1, Thru learned that she was having immigration difficulties. Thru waited until July 11 to inform Dropbox of the issues, and Thru unilaterally canceled her deposition. It is unclear when she will be returning to the United States.

- Dropbox's Chief Executive Officer, Drew Houston, has a schedule that is booked several months out. He cleared August 4 to be available for deposition and Dropbox offered that date to Thru in late June. However, Thru's lead counsel, John Cone, reports that he is unavailable for any depositions during the week of August 1, and Thru maintains that no other lawyer for Thru can conduct any depositions that week.

- Thru's Board Member, Rick Holliday-Smith, was noticed for deposition on July 15. Mr. Smith, however, resides in Australia and Thru said he would not be able to attend a deposition on that date or on any other date within the current discovery period. Dropbox offered to forego his deposition, provided Thru agreed not to offer testimony from him. Thru refused.

- In response to Thru's 30(b)(6) deposition notice, Dropbox has offered a corporate designee for deposition on August 10 or August 11, but that would require the parties to double-book depositions, and Thru has, as yet, been unwilling to do so.

Unfortunately, the current case schedule calls for the submission of expert reports and summary judgment motions shortly after the completion of depositions. Accordingly, there is no

---

[1] Per the Court's Order yesterday, a Joint Statement was due to be filed by 10:00 am today. Dropbox circulated what it understood to be an agreed upon schedule early yesterday, and a compete draft statement at 6:30 pm yesterday. Despite repeated emails and phone calls requesting a response, Thru said nothing until 9:51 am today, nine minutes before the statement was due to be filed, and then proposed, for the first time, an entirely different schedule. Accordingly, Dropbox is submitting this statement on its own, and apologizes for the brief delay.

1 way to address these deposition scheduling conflicts in a way that allows the parties to meet the
2 other current deadlines.  Accordingly, the parties jointly agreed to seek an extension of the case
3 schedule.

4       Dropbox repeatedly proposed, without objection from Thru, a roughly six-week extension
5 of the case deadlines.  That proposal is set forth in the chart below.  Minutes before this statement
6 was due to filed, Thru for the first time indicated that it believed only a three-week extension in
7 the case schedule was appropriate.  Thru's counter-proposal is likewise shown in the chart below.

| Deadline or Event | Existing | Dropbox Proposal | Thru Proposal |
|---|---|---|---|
| End of Fact Discovery | August 11, 2016 | September 20, 2016 | September 8, 2016 |
| Opening Expert Reports | August 18, 2016 | October 6, 2016 | September 15, 2016 |
| Rebuttal Expert Reports | September 1, 2016 | October 17, 2016 | September 29, 2016 |
| End of Expert Discovery | September 8, 2016 | October 24, 2016 | October 6, 2016 |
| Dispositive Motions Due | September 15, 2016 | November 3, 2016 | October 17, 2016 |
| Dispositive Motions Heard | October 20, 2016 | December 8, 2016 | November 21, 2016 |
| Pretrial Conference | December 20, 2016 | January 31, 2017 | January 17, 2017 |
| Trial | January 23, 2017 | March 13, 2017 | February 20, 2017 |

16       Dropbox does not believe that Thru's proposal allows sufficient time to resolve the
17 outstanding deposition scheduling conflicts, but looks forward to discussing this matter with the
18 Court at tomorrow's conference.

20     Respectfully submitted,

21 Dated:  July 27, 2016     WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation

By:  */s David H. Kramer*
    DAVID H. KRAMER
    JOHN L. SLAFSKY