DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com

COLLEEN BAL, State Bar No. 167637
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415)947-2000
Facsimile: (415) 947-2099
cbal@wsgr.com

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>THRU INC., a Delaware corporation,<br><br>   Defendant.<br><br>THRU INC., a Delaware corporation,<br><br>   Counterclaimant,<br><br>   v.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>   Counter-Defendant. | Case No. 3:15-CV-01741-EMC (MEJ)<br><br>**ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION SUBMITTED IN SUPPORT OF DROPBOX, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    October 27, 2016<br>Time:   1:30 p.m.<br>Before:  Honorable Edward M. Chen<br>Dept:   Courtroom 5, 17th Floor |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff and Counter-Defendant Dropbox, Inc. submits this administrative motion to file under seal (a) sensitive and confidential information about Dropbox, Inc.'s revenues, spending on marketing, and payment to a third-party; (b) extraneous personal contact information; and (c) documents and testimony designated confidential under the Stipulated Protective Order by Thru, Inc. ("Thru") and Officeware Corporation d/b/a Filesanywhere.com ("Officeware").  All of the information sought to be sealed is filed in connection with Dropbox, Inc.'s Motion for Summary Judgment.

Documents submitted with a dispositive motion may be filed under seal where there are "compelling reasons" to do so.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Compelling reasons include preventing the release of competitive business information.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (The presumption of access "has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing."); *Electronic Arts, Inc. v. U.S. Dist. Court (In re Elec. Arts Inc.)*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (issuing writ of mandamus ordering court to seal confidential and commercially sensitive business information claimed as trade secret).

A lower standard applies when the information sought be sealed is "extraneous" to the motion.  In that case, the party requesting sealing need only show "good cause" to seal.  *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 U.S. Dist. LEXIS 84000, at *14 (N.D. Cal. Oct. 31, 2007) (granting motion to seal "financial terms" of an agreement attached to motion for summary judgment and applying "good cause" standard because "the financial terms of the agreement are not directly relevant to the merits of the underlying case and "constitute[]extraneous material attached to a dispositive motion").

I. **DROPBOX, INC. HAS COMPELLING REASONS TO MAINTAIN ITS CONFIDENTIAL FINANCIAL INFORMATION UNDER SEAL**

Dropbox, Inc. seeks to seal a very limited amount of highly-confidential and commercially sensitive financial information contained in the Declaration of Drew Houston (¶¶19, 22, and 25), Declaration of Sheila Vashee (¶10), and Dropbox, Inc.'s Motion for

1  Summary Judgment (pp. 8).  In particular, Dropbox, Inc. seeks to protect its annual revenue

2  figures and specific amounts spent on marketing.  Dropbox, Inc. does not ask to seal entire

3  documents or exhibits; it only requests protection for the actual dollar amounts.

4  Courts routinely find that there are compelling reasons to protect documents

5  "contain[ing] information about [a party's] finances."  *Schwartz v. Cook*, No. 5:15-cv-03347-

6  BLF, 2016 U.S. Dist. LEXIS 45526, at *4-5 (N.D. Cal. Apr. 4, 2016).  This is particularly true

7  when the requests are "narrowly tailored" to specific, financial information.  *See, e.g.*, *Hunt v.*

8  *Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 U.S. Dist. LEXIS 122228, at *4 (N.D. Cal. Sep.

9  14, 2015) (sealing exhibits supporting motion for summary judgment containing sensitive

10 financial information); *Tviim, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 U.S. Dist.

11 LEXIS 94189, at *11 (N.D. Cal. July 19, 2015) (sealing trial exhibits containing "confidential

12 financial information"); *Abstrax, Inc. v. Sun Microsystems, Inc.*, No. CV 09-5243 PJH (NJV),

13 2011 U.S. Dist. LEXIS 68596, at *8 (N.D. Cal. June 27, 2011) (finding "compelling reasons" to

14 seal "confidential information regarding revenue"); *Delfino Green & Green v. Workers Comp.*

15 *Sols., LLC*, No. 15-cv-02302-HSG, 2015 U.S. Dist. LEXIS 90774, at *4 (N.D. Cal. July 13,

16 2015) (sealing confidential financial information in pleadings).

17 This is precisely the sort of information that Dropbox seeks to protect here.  *See*

18 Declaration of C. Weems ("Weems Decl.") ¶3.  Dropbox, Inc. is a private company, and

19 information about its financial performance and marketing expenses is confidential business

20 information that competitors could use to gain an advantage.  *Id.* ¶¶3-4.  Disclosure of this

21 information could give competitors insight into the strength of Dropbox, Inc.'s business, the

22 potential size and timing for Dropbox, Inc.'s future funding needs, and Dropbox, Inc.'s growth

23 plans and strategy.  *Id.* ¶4.  In addition, Dropbox, Inc.'s request to seal is "narrowly tailored" to

24 protect only confidential information.  *Id.* ¶5.

25 Particularly since the financial information sought to be sealed is not required for

26 adjudication of the issues presented in the motion, the competitive harm that Dropbox, Inc. could

27 suffer if it becomes public far outweighs the public's interest in accessing it.  *G&C Auto Body,*

28 *Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 U.S. Dist. LEXIS 124119, at *9 (N.D.

1  Cal. Mar. 11, 2008) (granting motion to seal financial information because the information was
2  "not directly relevant to the legal issues that were raised by [the movant's] summary judgment
3  motions or that were resolved by the Court."); *see also JMA Ventures, LLC v. Starwood Hotels*
4  *& Resorts Worldwide Inc.*, No. 16-cv-01941-JD, 2016 U.S. Dist. LEXIS 92441, at *2 (N.D. Cal.
5  July 15, 2016) (finding "compelling reasons" to seal financial information when movant
6  "narrowly tailored its request so that only those limited portions of the complaint, motion, and
7  attachments that refer to specific financial information and terms of the will be sealed.");
8  *O'Connor v. Uber Techs.*, No. C-13-3826 EMC, 2015 U.S. Dist. LEXIS 9347, at *11 (N.D. Cal.
9  Jan. 27, 2015) (J. Chen) (sealing pricing information that was "minimally relevant" to the
10 pending summary judgment motion).

11 **II.    DROPBOX, INC. HAS COMPELLING REASONS TO MAINTAIN
12           CONFIDENTIAL TERMS OF AN AGREEMENT WITH A THIRD PARTY**

13         Dropbox, Inc. also requests that the Court seal the amount that Dropbox, Inc. paid to
14 Officeware.  Declaration of J. Slafsky ("Slafsky Decl."), Ex. 7 § 11.  In June 2011, Officeware
15 sued Dropbox, Inc. claiming it had common law trademark rights in the word "dropbox." *Id.* at
16 Ex. 5.  The parties eventually reached a settlement under which Officeware assigned its claimed
17 rights to Dropbox, Inc. in return for a payment.  *Id.* at Ex. 7.  The Settlement and Assignment
18 Agreement (the "Assignment Agreement") executed by Officeware and Dropbox, Inc. provides
19 that certain terms are confidential, including the payment amount in Section 11.  *Id.* § 1.
20         "[T]he monetary amount of a settlement is often a highly sensitive matter for both
21 parties."  *Hummel v. Bimbo Bakeries USA, Inc.*, No. 14-cv-03683-JSC, 2015 U.S. Dist. LEXIS
22 126077, at *8 (N.D. Cal. Sep. 21, 2015) (granting motion to seal).  Courts routinely seal the
23 amount paid to resolve a prior claim, even when ruling that the rest of the settlement agreement
24 should be public.  *Adobe Sys. v. Hoops Enter. LLC*, No. C 10-2769 CW, 2012 U.S. Dist. LEXIS
25 78785, at *3 (N.D. Cal. June 6, 2012) (sealing agreement to settle prior litigation); *Mediostream,*
26 *Inc. v. Microsoft Corp.*, No. C 11-2525 RS, 2013 U.S. Dist. LEXIS 177015, at *17 n.5 (N.D.
27 Cal. Dec. 17, 2013) (denying request to file entire settlement agreement under seal but holding
28 "any references in the briefing or other documents to the dollar amount of the settlement may be

1  redacted."); *accord Electronic Arts, Inc.*, 298 F. App'x at 569 (finding court erred as a matter of
2  law in not sealing "pricing terms" in a license agreement).

3  The payment amount of the Assignment Agreement is highly sensitive information. *See*
4  Weems Decl. ¶8. First, Dropbox, Inc. has a contractual obligation to maintain its confidentiality.
5  *Id.* ¶7; Slafsky Decl. Ex. 7 § 1. Second, if the financial terms of the Assignment Agreement
6  became widely known, Dropbox, Inc. could suffer competitive injury because in future
7  negotiations counterparties would know information about the size of payments that Dropbox,
8  Inc. is willing to make and could use that information to extract deal terms that are less favorable
9  to Dropbox, Inc. Weems Decl. ¶8.

10  In addition, the payment amount of the Assignment Agreement is completely extraneous
11  to Dropbox, Inc.'s Motion for Summary Judgment. It is never referenced, and there is no "good
12  cause" to make it public. *See Nursing Home Pension Fund*, 2007 U.S. Dist. LEXIS 84000, at
13  *14 (N.D. Cal. Oct. 31, 2007) (applying "good cause" standard and sealing "financial terms of
14  the agreement" attached to a dispositive motion). Even applying the higher "compelling reason"
15  standard, the public has no interest in the payment amount and certainly no interest that could
16  outweigh the significant harms that Dropbox, Inc. could suffer if the information became widely
17  known.

### III. PERSONAL CONTACT INFORMATION IS EXTRANEOUS TO DROPBOX, INC.'S MOTION FOR SUMMARY JUDGMENT

20  Exhibits A and B to the Declaration of Drew Houston contain personal contact
21  information for Mr. Houston, the founder and CEO of Dropbox, Inc. Weems Decl. ¶9. Mr.
22  Houston is not a party to this litigation. Additionally, any personal contact information for Mr.
23  Houston is extraneous to Dropbox's Motion for Summary Judgment, and disclosure of that
24  information could result in a severe invasion of Mr. Houston's privacy. *Id.* ¶10. Dropbox, Inc.
25  therefore requests that the Court seal all references to Mr. Houton's email addresses and phone
26  number. *See O'Connor*, 2015 U.S. Dist. LEXIS 9347, at *6 ("redacting personal identifying
27  information," including names and email addresses, because of a "non-party's privacy interest[]"
28  and because the information was "irrelevant to the legal issues in th[e] case").

## IV. EXHIBITS AND TESTIMONY DESIGNATED "CONFIDENTIAL" BY THRU AND OFFICEWARE

Pursuant to the Stipulated Protective Order entered in this matter (Dkt. 47, 59, 80), Thru, Inc. designated "Confidential" Exhibits 56 and 61 to the Slafsky Declaration and Officeware designated "Confidential" testimony attached as Exhibit 8 to the Slafsky Declaration.  Dropbox, Inc. therefore has submitted those documents provisionally under seal in accordance with the provisions of the Stipulated Protective Order and Civil Local Rule 79-5(e) and redacted all references to those documents in its Motion for Summary Judgment.[1]  Pursuant to Civil Local Rule 79-5(e)(1), "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."

## V. CONCLUSION

Dropbox, Inc. respectfully requests that the Court grants its request to seal sensitive and confidential financial information about Dropbox, Inc.'s revenues, spending on marketing, and payment to Officeware and extraneous personal contact information.

Dated:  September 15, 2016

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  s/ *David H. Kramer*
       DAVID H. KRAMER

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

---

[1] To assist the Court, Dropbox, Inc. highlighted all of the proposed redactions of its confidential information and Mr. Houston's personal information in orange.  Information designated "Confidential" by Thru and Officeware is highlighted in green.