DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com

COLLEEN BAL, State Bar No. 167637
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415)947-2000
Facsimile: (415) 947-2099
cbal@wsgr.com

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation, <br><br>          Plaintiff, <br><br> v. <br><br> THRU INC., a Delaware corporation, <br><br>          Defendant. <br><br> THRU INC., a Delaware corporation, <br><br>          Counterclaimant, <br><br> v. <br><br> DROPBOX, INC., a Delaware corporation, <br><br>          Counter-Defendant. | Case No. 3:15-CV-01741-EMC (MEJ) <br><br> **DECLARATION OF CATHRYN WEEMS IN SUPPORT OF DROPBOX, INC.'S ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION** |

I, Cathryn Weems, declare:

1. I am Content Safety and Law Enforcement Response Team Lead at Dropbox, Inc., a position that I have held since June 2016. I have worked at Dropbox since 2014. The following facts are based on my personal knowledge. If called as a witness, I could and would testify to the information stated herein.

**Dropbox, Inc.'s Confidential and Competitively Sensitive Financial Information**

2. Dropbox, Inc. requests that annual revenue numbers and expenditures on marketing expenses found in paragraphs 19, 22, and 25 of the Declaration of Drew Houston, paragraph 10 of the Declaration of Sheila Vashee, and page 10 of Dropbox, Inc.'s Motion for Summary Judgment be filed under seal. Compelling reasons exist for filing this specific financial material under seal.

3. Dropbox, Inc.'s annual revenue numbers and marketing expenditures are confidential and competitively sensitive financial information. Dropbox, Inc. is a private company and has never publicly disclosed information about its annual revenue or marketing expenditures. Within Dropbox, Inc., information about annual revenue and marketing expenditures is tightly controlled. To the extent that this information has been shared with third parties, Dropbox, Inc. places strict limits on any use of the information through non-disclosure (or equivalent) agreements. In this litigation, Dropbox, Inc. has designated information about its annual revenue numbers and marketing expenditures as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. 47, 59, 80).

4. If Dropbox, Inc.'s annual revenue numbers and marketing expenditures were to become public, it would harm Dropbox, Inc.'s competitive standing by giving competitors insight into the strength of Dropbox, Inc.'s business, the potential size and timing for Dropbox, Inc.'s future funding needs, and Dropbox, Inc.'s growth plans and strategy.

5. Dropbox, Inc. request to seal is narrowly tailored to protect only the specific amount of annual revenue and expenditures on marketing expenses.

//

//

//

**Payment Terms of Dropbox, Inc.'s Confidential Agreement with Officeware**

6.  Dropbox, Inc. requests that the Court seal the amount that Dropbox, Inc. paid to Officeware Corporation d/b/a Filesanywhere.com ("Officeware") which is located in Section 11 of Exhibit 7 of the Declaration of John Slafsky. Compelling reasons exist for filing this payment amount under seal.

7.  Dropbox, Inc. has a contractual obligation to maintain the confidentiality of the payment amount. The Settlement and Assignment Agreement between Dropbox, Inc. and Officeware ("Assignment Agreement") provides that certain terms, including the payment amount, are confidential.

8.  The payment amount of the Assignment Agreement is highly sensitive information for Dropbox, Inc. Dropbox, Inc. restricts information about the payment amount of settlement agreements in general so as not to undermine Dropbox, Inc.'s ability to settle future disputes on favorable terms. Dropbox, Inc. has closely guarded the payment amount of the Assignment Agreement and designated that information "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. 47, 59, 80) entered in this case. If the payment amount of the Assignment Agreement were made public, Dropbox, Inc. could suffer competitive injury. In future negotiations, counterparties would know information about the size of payments that Dropbox, Inc. is willing to make and could use that information to extract deal terms that are less favorable to Dropbox, Inc.

**Personal Identifying Information**

9.  Dropbox, Inc. requests that the Court seal personal identifying information contained Exhibits A and B to the Declaration of Drew Houston. Exhibit A contains Mr. Houston's email address. Exhibit B contains two personal email addresses for Mr. Houston and Mr. Houston's personal telephone number. Dropbox, Inc. designated both Exhibits A and B as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. 47, 59, 80).

10. Mr. Houston is a well-known individual, being both the founder and CEO of Dropbox, Inc. If his personal email address and phone number were publicly disclosed, it could result in a severe invasion of Mr. Houston's privacy.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of September 2016 at San Francisco, CA.

_____
CATHRYN WEEMS