# EXHIBIT B

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Drew Houston |
| **To:** | Luke Stotler <lukestotler@gmail.com> |
| **CC:** | |
| **Sent:** | 5/12/2008 4:50:38 PM |
| **Subject:** | Re: Trademark Issue |

luke,

thanks for your patience. we've tried to give this careful consideration, and have consulted a trademark attorney regarding the points you raised.

her firm conclusion, though, was that we have no obligation to change our name as you don't have any protectable trademark or trade name rights in Dropboks.

here are some of her comments:

"While Dropboks did file an application with the US Trademark Office to register Dropboks for its services, the Trademark Office responded to that application on February 20, 2007 and indicated that, not only is there an earlier application for "Promoters Drop Box" that is blocking the application, but the term they have applied to register is, in the Trademark Examiner's opinion, either "merely descriptive" and not capable of distinguishing the company's services from any other company's, or is "generic", which means it is not capable of functioning as a trademark (e.g., just as "computer" is a generic term and not capable of identifying any one company's products). The Examiner also noted that the term is "widely used by others to name similar storage services, that allow users to store or place files in a digital drop box for retrieval later, or for sharing" and attached information regarding more than 30 other uses of the word dropbox for similar services. The Examiner concluded that the term cannot serve as a source identifier (i.e., a trademark) of the company. Thus, even if the earlier application for "Promoters Drop Box" is abandoned or the Trademark Examiner concludes that it is no longer an issue for some reason, they still will not be able to register Dropboks for their services, or prevent others from using it, or any similar term, because it is such a common and descriptive (perhaps even generic) term that it can't be registered or owned by any one company.

Although their attorney filed arguments with the Trademark Office on June 4, 2007, arguing that the Dropboks mark should not be considered either merely descriptive or generic, the Examiner was not persuaded by those arguments and on June 18, 2007, issued a further rejection of the application based on both the prior application and the fact that the term is either descriptive or generic and not capable of functioning as a trademark."

so while we've tried to see your perspective, and have listened carefully to your points, ultimately there is no claim that one party has over another.

the fact is many parties seem to have chosen the name dropbox independently, and the opinion of the TM office has been time and again that the mark is 'merely descriptive' and unable to serve as a protectable trademark, making matters of filing dates, etc. irrelevant.

i would be happy to connect you with our trademark atty if you have any further questions, but she was pretty clear that there wasn't much value in further debate, and not worth spending much more time (or frankly, more legal $ :P) on.

regards,

drew

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                         DRBX094757

Luke Stotler wrote:
> Drew
>
> Ok, here's the breakdown:
>
> 1. Our trademark is currently in the state of suspension. What this
> means is that there is another company in front of us in line
> filing for the name DropBox. This company is a promotions
> service. Our attorney has informed us that since the nature of
> this business has absolutely nothing to do with online file
> storage, it's pretty much a go ahead on our trademark once the
> promotions company is issued their trademark.
> 2. A 'state of suspension' is a normal part of the trademark
> issuance process and by no means does it indicate that our
> trademark filing has been revoked. This state secures our 'spot
> in line' so to speak from a legal standpoint. This is similar in
> many ways to filing a provisional patent in that if two people
> invent the same widget, the one who first filed the provisional
> patent is awarded the final patent issuance. The state of
> suspension also gives us the full legal right to serve anyone
> infringing on our trademark with a cease and desist immediately.
> 3. To your point about you developing your logo back in '06; Did
> you file for a trademark back then? As far as I can tell your
> brand/service didn't enter the public domain until '07. Our
> trademark application was filed in '06.
> 4. One interesting thing to note as well is that spelling the name
> of the filed trademark is not relevant in most all cases. For
> example I couldn't start a beverage company called Coka-Cola. (I
> may have mentioned this before, can't remember.) This issue is
> that the general public would likely confuse Coka-Cola with
> Coca-Cola and since Coca-Cola received the trademark usage first
> they have the right to serve cease and desist to Coka-Cola.
> 5. You mentioned other services such as boxcloud, bluebox, and
> tango dropbox. I'll break these down one by one. Boxcloud: The
> name has no indication of the word 'Drop' which is core to our
> brand. Bluebox: Again, this is not infringement due to the fact
> that the word 'Drop' is not present. Not to mention that this is
> a hosting company. Tango Dropbox: They never even filed for a
> trademark. Another one out there is MyDropBox: This
> service/brand is not an online file storage service. And so on...
> 6. To your question of what we would like you to do? To put it
> simply, we will want you to change your name. I know this might
> seem like a lot from your perspective but we have worked
> extremely hard to build our brand and it is ethically and
> legally unfair for someone to come along and damage what we have
> built. I think that one advantage you have with this current
> situation is that your brand only became widely known only a
> month or two ago (digg, techcrunch, etc). You might even be able
> to leverage a name change into some form of marketing (newswire)
> for your service e.g. 'Dropbox is now 'MeDrive', or something to
> the effect.
> 7. We have an extremely clear and straight-forward case here. I've
> spoken to my attorney in detail about this and he is ready to
> issue a Cease and Desist. As I mentioned before I really,
> really, don't want to go down that route but I will if I am
> forced. (And no, that is not meant to be read as a threat, I'm
> just making the statement for clarity.)
>
> As a measure of good faith I would like to offer that our attorney
> give you a call and describe the breakdown in much more detail so as
> to satisfy any questions or concerns you may have. He is a super cool
> and down to earth guy. And he's not intimidating to talk to in the
> least (he knows that us regular people don't know legal code so he
> does a really good job at explaining it).
>
> If you could get back to me by the end of the week on this issue I

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                         DRBX094758

```
> would really appreciate it, thanks for your time.
>
> Luke
>
> On Tue, Apr 22, 2008 at 6:31 PM, Drew Houston <███████████████>
> <mailto:███████████████>> wrote:
>
> > hi luke,
> >
> > help me understand what you'd like us to do? or what range of things
> you'd like us to do?
> >
> > we developed our logo and name independently back in '06 (the open
> box motif, and choice of blue isn't exactly novel :) see boxcloud.com
> <http://boxcloud.com>, bluebox.com <http://bluebox.com>, tango dropbox
> for a very similar-looking open box with a down arrow inside, etc.),
> and (sorry if this sounds blunt) w/o an issued trademark i'm trying to
> understand what claim one party has over another.
> >
> > that said i'm sure we'll figure something out that makes everyone happy.
> >
> > drew
> >
> > Luke Stotler wrote:
> >
> > > Drew
> > >
> > > I really need to hear back from you on this.
> > >
> > > Luke
> > >
> > >
> > >
> > > On Tue, Apr 1, 2008 at 11:23 AM, Luke Stotler
> <lukestotler@gmail.com <mailto:lukestotler@gmail.com>
> <mailto:lukestotler@gmail.com <mailto:lukestotler@gmail.com>>> wrote:
> > >
> > > Drew
> > >
> > > Yes it did, sorry for not getting back to you sooner, been quite
> > > busy.
> > >
> > > I'm actually waiting for our attorney that did the trademark work
> > > to get back from vacation. I wanted to get some more details from
> > > him before you and I proceeded.
> > >
> > > But basically, the issues are the branding and the name. I think
> > > the branding is the biggest issue for contention. I think this not
> > > only causes confusion for our users but it causes confusion for
> > > yours as well. If you like, I can refer you to a very good
> > > brand/logo designer if you need it. He's fairly inexpensive as
> well.
> > >
> > > For the name I think it boils down to the issue of the spelling
> > > being close, and the offerings being in a similar market. I think
> > > the best way to look at it is if a soda company launched a soft
> > > drink called coka-cola and put it in a red can, it would obviously
> > > be a TM violation against coca-cola.
> > >
> > > Anyways, I hope this somewhat explains what our thoughts are. To
> > > tell you the truth I hate dealing with stuff like this, especially
> > > since I am a real fan of your product. I also think that you guys
> > > are gonna get snatched up by one of the big boys so it won't
> > > really matter what your name is since it will eventually be Gdrive
> > > or Ydrive anyways :)
> > >
```

```
> > > Luke
> > >
> > >
> > >
> > >
> > >
> > >
> > >
> > >
> > >
> > > On Tue, Apr 1, 2008 at 3:48 AM, Drew Houston
> <██████████████>    <mailto:██████████████>
> > >
> > >
> > >
> > > <mailto:██████████████>   <mailto:██████████████>>> wrote:
> > >
> > > hi luke,
> > >
> > > confirming this email made it through okay?
> > >
> > > drew
> > >
> > > Drew Houston wrote:
> > > > hi luke,
> > > >
> > > > thanks for the note and for reaching out first instead of
> > > turning this
> > > > into a legal wrangling :)
> > > >
> > > > yeah, we weren't aware of you guys until very recently
> > > (didn't think
> > > > to search for that alternate spelling :)), but i'm sure we
> > > can work
> > > > something out -- is the core issue the logo or the name?
> is your
> > > > trademark app issued (looks like it is stalled at the TM
> > > office?)
> > > >
> > > > anyway i'm sure we'll work something out. let me know what
> > > you have in
> > > > mind as far as possibilities that would work for you.
> > > >
> > > > drew
> > > >
> > > > Luke Stotler wrote:
> > > >> Drew
> > > >>
> > > >> Hello, my name is Luke Stotler. I am the founder of
> DropBoks.
> > > >>
> > > >> First off I want to say that I am very impressed with your
> > > product.
> > > >> Based on your demo, it looks like you guys have solved a
> > > very painful
> > > >> problem in quite an elegant manner. I'm guessing your
> > > product will be
> > > >> acquired by Google or Yahoo w/ in the next 6 months :)
> > > >>
> > > >> Ok, to the chase. There appears to be a trademark violation
> > > issue on
> > > >> your site. Our trademark was filed Q4 of 2006 with the
> > > Unites States
> > > >> Patent and Trademark Office. I'm guessing that maybe you
> > > were never
> > > >> aware of our product and you inadvertently copied our
> mark by
> > > >> coincidence. Of course your logo is not a pixel for pixel
> > > match but
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                                            DRBX094760

```
> > > >> it is close enough to throw the documentation flag.
> > > >>
> > > >> The reason you are receiving this email from me and not a
> > > Cease and
> > > >> Desist Order from our attorney is because I thought that
> > > there would
> > > >> be no harm in asking nicely before pursuing the legal
> > > route. We are a
> > > >> small company of designers and developers (and a few silent
> > > >> partners), and to be honest I'd really rather not take on
> > > the all the
> > > >> legal fees if there is no reason to. Our attorney advised
> > > us that
> > > >> sending this email is an acceptable course to take if the
> > > issue can
> > > >> be resolved amicably. But if it can't, he has informed me
> > > that a full
> > > >> legal course of action will be initiated immediately.
> > > >>
> > > >> Please respond soon so that we can sort this out in a way
> > > that will
> > > >> be beneficial to us both.
> > > >>
> > > >> Luke Stotler
> > > >> Founder
> > > >> DropBoks.com
> > > >>
> > > >
> > > >
> > >
> > >
> > > --
> > > Drew Houston <█████████████>
> <mailto:██████████████████> <mailto:██████████████████>
> <mailto:██████████████████>>
> > >
> > > CEO, Dropbox
> > > ████████████ (m)
> > >
> > >
> > >
> > >
> >
> >
> > --
> >
> >
> >
> > Drew Houston <███████████████████  <mailto:██████████████████>>
> > CEO, Dropbox
> > ████████████ (m)
> >
> >
>


--
Drew Houston <████████████████████>
CEO, Dropbox
████████████ (m)
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                      DRBX094761