DAVID H. KRAMER, State Bar No. 168452
JOHN L. SLAFSKY, State Bar No. 195513
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com
jslafsky@wsgr.com

COLLEEN BAL, State Bar No. 167637
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415)947-2000
Facsimile: (415) 947-2099
cbal@wsgr.com

Attorneys for Plaintiff and Counter-Defendant
DROPBOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THRU INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>THRU INC., a Delaware corporation,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>　　　　Counter-Defendant. | Case No. 3:15-CV-01741-EMC (MEJ)<br><br>**DECLARATION OF JOHN L. SLAFSKY IN SUPPORT OF DROPBOX, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　October 27, 2016<br>Time:　　1:30 p.m.<br>Before:　Honorable Edward M. Chen<br>Dept:　　Courtroom 5, 17th Floor |

I, JOHN L. SLAFSKY hereby declare as follows:

1. I am a partner with the law firm Wilson Sonsini Goodrich & Rosati, attorneys for Plaintiff and Counter-Defendant Dropbox, Inc. I submit this affidavit in support of Dropbox, Inc.'s Motion for Summary Judgment. The following facts are true of my personal knowledge and if called and sworn as a witness I could competently testify to them.

**Dropbox, Inc.'s Trademark Application**

2. Dropbox, Inc. applied to the United States Patent and Trademark Office ("PTO") to register the DROPBOX trademark for computer software and services related to storage, synchronization, and back-up of digital files on September 1, 2009. Attached hereto as Exhibit 1 is a true and correct copy of Dropbox's application (Serial No. 77817716), which was retrieved under my direction from the PTO's online TSDR database at http://tsdr.uspto.gov/.

3. Dropbox, Inc.'s trademark application was published for opposition on March 1, 2011. Attached hereto as Exhibit 2 is a true and correct copy of the PTO's Notice of Publication, which was retrieved under my direction from the PTO's online TSDR database at http://tsdr.uspto.gov/.

4. The PTO issued Dropbox, Inc.'s trademark registration for DROPBOX in February 2014. Attached hereto as Exhibit 3 is a true and correct copy of Dropbox, Inc.'s Certificate of Registration for Reg. No. 4478345, which was retrieved under my direction from the PTO's online TSDR database at http://tsdr.uspto.gov/.

**Officeware**

5. After Dropbox, Inc. filed its application, non-party Officeware, Inc. d/b/a/ Filesanywhere ("Officeware"), a Texas corporation, applied to register the DROPBOX mark on April 12, 2010. Attached hereto as Exhibit 4 is a true and correct copy of Officeware's application (Serial No. 85012206), which was retrieved under my direction from the PTO's online TSDR database at http://tsdr.uspto.gov/.

6. In June 2011, three months after Dropbox, Inc.'s trademark application was published for opposition, Officeware initiated an opposition proceeding against it before the PTO's Trademark Trial and Appeal Board ("TTAB").

7. That same month, Officeware also sued Dropbox, Inc. in the United States District Court for the Northern District of Texas, alleging that Officeware had developed common-law trademark rights in the word "dropbox" by using it in its file management software as the name for a file transfer functionality. Attached hereto as Exhibit 5 is a true and correct copy of Officeware's Complaint, filed on June 30, 2011.

8. I was counsel of record for Dropbox, Inc. in the case. Dropbox, Inc. took the position that Officeware's use of the term "dropbox" was merely descriptive and that it had not established secondary meaning. Attached hereto as Exhibit 6 is a true and correct copy of Dropbox, Inc.'s Answer to Officeware's Complaint, filed on November 21, 2011.

9. After more than eighteen months of litigation, in April 2013, Dropbox, Inc. and Officeware reached an agreement that resolved their dispute. Attached hereto as Exhibit 7 is a true and correct copy of the Settlement and Assignment Agreement entered into by Dropbox, Inc. and Officeware.

10. On July 7, 2016, Dropbox, Inc. took the Rule 30(b)(6) deposition of Officeware in this action. A true and correct copy of the cover page and excerpts from the deposition transcript are attached hereto as Exhibit 8.

11. At the Officeware deposition, its corporate representative authenticated documents showing its use of the term "Dropbox." That testimony is included in Exhibit 8.

    a. Attached hereto as Exhibit 9 is a true and correct copy of Exhibit 5 to the deposition, an email message confirming delivery of Officeware's Dropbox feature to the City of Flower Mound, Texas.

    b. Attached hereto as Exhibit 10 is a true and correct copy of Exhibit 6 to the deposition, a receipt reflecting the City of Flower Mound's payment for Officeware's service.

    c. Attached hereto as Exhibits 11 to 22 are true and correct copies of Exhibits 8 to 19 to the deposition, images of Officeware's website from 2004 to 2013 that show Officeware's promotion of its "Dropbox" feature.

1    d.   Attached hereto as Exhibit 23 is a true and correct copy of Exhibit 20 to the deposition, an Officeware press release from 2005 that references the Dropbox functionality and was republished by Forbes.com.

    e.   Attached hereto as Exhibits 24 and 25 are true and correct copies of Exhibits 21 and 22 to the deposition, Officeware press releases from 2007 and 2012 that reference the Dropbox functionality.

    f.   Attached hereto as Exhibit 26 is a true and correct copy of Exhibit 23 to the deposition, a December 2008 blog post describing Officeware's Dropbox feature.

**YouSendIt and Box**

12.  After the March 2011 publication for opposition of Dropbox, Inc.'s trademark application, two other companies besides Officeware—Box.net, Inc. and YouSendIt, Inc.—commenced opposition proceedings before the TTAB.  Thru Inc. ("Thru") did not.

13.  In 2011, Dropbox, Inc. was contacted by YouSendIt, Inc., which had used the term "dropbox" in connection with file transfer functionality in its product.  Shortly after YouSendIt, Inc. contacted Dropbox, Inc., YouSendIt agreed to drop its opposition proceeding against Dropbox, Inc.'s trademark application and cease use of the term "dropbox," in exchange for a modest payment.  Box.net, Inc. also later dropped its opposition proceeding against Dropbox, Inc.'s trademark application.

**Thru**

14.  On November 17, 2011, Thru filed an application for the DROPBOX trademark with the PTO.  Attached hereto as Exhibit 27 is a true and correct copy of Thru's application (Serial No. 85475272), which was retrieved under my direction from the PTO's online TSDR database at http://tsdr.uspto.gov/.

15.  I conducted a search of Thru's trademark registrations with the PTO, and as of the filing of this declaration, the PTO has suspended consideration of Thru's application for DROPBOX.  No trademark registration for DROPBOX or any related term has been issued to Thru by the PTO.

16. Thru first contacted Dropbox, Inc. in a letter dated December 8, 2011. Attached hereto as Exhibit 28 is a true and correct copy of the letter from Mr. Cone, Thru's counsel, to me.

17. Following the PTO's issuance of Dropbox, Inc.'s trademark registration for DROPBOX in February 2014, Thru petitioned the TTAB to cancel it. Attached hereto as Exhibit 29 is a true and correct copy of Thru's Petition for Cancellation, which was retrieved under my direction from the PTO's online TSDR database at http://ttabvue.uspto.gov/ttabvue/v.

**Other Depositions and Discovery Responses in this Case**

18. On December 22, 2015, Dropbox, Inc. took the deposition of the former Vice President of Marketing of Thru, Thomas Skybakmoen ("Skybakmoen I"). A true and correct copy of the cover page and excerpts from the deposition transcript are attached hereto as Exhibit 30.

19. On July 27, 2016, Dropbox, Inc. continued the deposition of Thomas Skybakmoen ("Skybakmoen II"). A true and correct copy of the cover page and excerpts from the deposition transcript are attached hereto as Exhibit 31.

  a. Attached hereto as Exhibit 32 is a true and correct copy of Exhibit 91 to the Skybakmoen II deposition, a Thru presentation, which Mr. Skybakmoen testified that he wrote for a webinar together with other Thru employees and an outside consultant. That testimony is included in Exhibit 31 at 295:19-299:21.

  b. Attached hereto as Exhibit 33 is a true and correct copy of Exhibit 90 to the Skybakmoen II deposition, an April 2012 email from Thomas Skybakmoen to Lee Harrison and other Thru employees.

20. On July 13, 2016, Dropbox, Inc. took the deposition of Lee Harrison, Chief Executive Officer of Thru. A true and correct copy of the cover page and excerpts from the deposition transcript are attached hereto as Exhibit 34.

21. On July 18, 2016, Dropbox, Inc. took the Rule 30(b)(6) deposition of non-party Blackboard, Inc. A true and correct copy of the cover page and excerpts from the deposition transcript are attached hereto as Exhibit 35.

1   22.     On August 9, 2016, Dropbox, Inc. took the deposition of Rosella Fernandez, former Marketing Director of Thru. A true and correct copy of the cover page and excerpts from the deposition transcript are attached hereto as Exhibit 36.

      a.     Attached hereto as Exhibit 37 is a true and correct copy of Exhibit 81 to the Skybakmoen II deposition, an August 2011 email from Thomas Skybakmoen to Rosella Fernandez and other Thru employees.

      b.     Attached hereto as Exhibit 38 is a true and correct copy of Exhibit 98 to the Fernandez deposition, a February 2012 email from Rosella Fernandez to Thomas Skybakmoen and Lee Harrison.

24.     On August 11, 2016, Dropbox, Inc. took the Rule 30(b)(6) deposition of Thru Inc. A true and correct copy of the cover page and excerpts from the deposition transcript are attached hereto as Exhibit 39.

25.     Attached hereto as Exhibit 40 is a true and correct copy of Thru Inc.'s Second Amended and Supplemental Responses to Plaintiff Dropbox, Inc.'s First Set of Interrogatories.

26.     Attached hereto as Exhibit 41 is a true and correct copy of Thru Inc.'s Response to Dropbox, Inc.'s Request for Admission Nos. 1-11. In response to Request for Admission Number 11, Thru admitted that all of its documents it produced in this action are authentic.

**Documents Produced by Thru**

27.     Over the course of discovery in this case, Thru has produced documents showing discussions among its executives and other employees and its investors regarding Thru's knowledge of and approach to Dropbox, Inc.

      a.     Attached hereto as Exhibit 42 is a true and correct copy of a June 2009 email from Sergey Arutiunov, Thru's Chief Technology Officer, to Lee Harrison and other Thru employees.

      b.     Attached hereto as Exhibit 43 is a true and correct copy of a June 2009 email from Sergey Arutiunov to Lee Harrison and Daniel Hurtubise, Thru's Director of Customer Success.

1     c.    Attached hereto as Exhibit 44 is a true and correct copy of a January 2010
2 email from Daniel Hurtubise to a third party.
3     d.    Attached hereto as Exhibit 45 is a true and correct copy of a January 2011
4 email from Sergey Arutiunov to Lee Harrison and other Thru employees.
5     e.    Attached hereto as Exhibit 46 is a true and correct copy of a January 2012
6 email from Lee Harrison to Sergey Arutiunov.
7     f.    Attached hereto as Exhibit 47 is a true and correct copy of a February 2012
8 email from Lee Harrison to Edwin Lucas, a key Thru investor.
9     g.    Attached hereto as Exhibit 48 is a true and correct copy of a February 2013
10 email from Edwin Lucas to Lee Harrison.
11     h.    Attached hereto as Exhibit 49 is a true and correct copy of a March 2013
12 email from Lee Harrison to Thru board member James Yonge.
13     i.    Attached hereto as Exhibit 50 is a true and correct copy of an August 2013
14 email from James Yonge to Lee Harrison.
15     j.    Attached hereto as Exhibit 51 is a true and correct copy of an October
16 2013 email from Thru board member Rick Holliday-Smith to Lee Harrison and other
17 Thru board members.
18     k.    Attached hereto as Exhibit 52 is a true and correct copy of a November
19 2013 email from former Thru sales engineer Frederick Yu to Lee Harrison.
20     l.    Attached hereto as Exhibit 53 is a true and correct copy of a July 2014
21 email from Edwin Lucas to Lee Harrison.
22     m.    Attached hereto as Exhibit 54 is a true and correct copy of an August 2014
23 email from Rick Holliday-Smith to Lee Harrison.
24     n.    Attached hereto as Exhibit 55 is a true and correct copy of a January 2015
25 email from Lee Harrison to Louie Harrison, whom Lee Harrison identified in his July 13,
26 2016 deposition as his brother and an investor in Thru.  That testimony is included in
27 Exhibit 34 at 184:19-185:2.
28

SLAFSKY DECL. ISO                    -7-           CASE NO. 3:15-CV-01741-EMC (MEJ)
MOTION FOR SUMMARY JUDGMENT

1        o.      Attached hereto as Exhibit 56 is a true and correct copy of May 2015 email
2   from Rick Holliday-Smith to Lee Harrison.
3        p.      Attached hereto as Exhibit 57 is a true and correct copy of an August 2015
4   email from Rick Holliday-Smith to Lee Harrison.
5        q.      Attached hereto as Exhibit 58 is a true and correct copy of an August 2015
6   email from Lee Harrison to Thru's board members.
7        r.      Attached hereto as Exhibit 59 is a true and correct copy of an August 2015
8   email from Lee Harrison to Rupert Nicholl, an investor in Thru.
9        s.      Attached hereto as Exhibit 60 is a true and correct copy of a November
10  2015 email from Rick Holliday-Smith to Lee Harrison and Jeff Kight, Thru's Chief
11  Financial Officer.
12       t.      Attached hereto as Exhibit 61 is a true and correct copy of a November
13  2015 email from Rick Holliday-Smith to Lee Harrison and Jeff Kight.
14       u.      Attached hereto as Exhibit 62 is a true and correct copy of a January 2016
15  email from Jeff Kight to Lee Harrison.
16  28.    Thru produced internal and public-facing documents reflecting Thru's use of the
17  term "dropbox" to refer to file transfer functionalities in other companies' products, including
18  those of Dropbox, Inc.
19       a.      Attached hereto as Exhibit 63 is a true and correct copy of an August 2011
20  email from Thomas Skybakmoen to Lee Harrison.
21       b.      Attached hereto as Exhibit 64 is a true and correct copy of an April 2012
22  Thru marketing document which was prepared by Thru's marketing team.
23       c.      Attached hereto as Exhibit 65 is a true and correct copy of a print-out from
24  Thru's website.  At the Rule 30(b)(6) deposition of Thru, Lee Harrison, as Thru's
25  corporate representative, stated that the printed-out material was from 2014.  That
26  testimony is included in Exhibit 39 at 20:10-20:15.
27  29.    Additional documents Thru produced reflect Thru's knowledge of use by third
28  parties of the term "dropbox."

1    a.    Attached hereto as Exhibit 66 is a true and correct copy of a February 2012 email from Thru employee John Herr to Thomas Skybakmoen, Lee Harrison, and other Thru employees.

    b.    Attached hereto as Exhibit 67 is a true and correct copy of a November 2014 document written by Lee Harrison.  At the Rule 30(b)(6) deposition of Thru, Lee Harrison explained that this document was a task on a to-do list he created for himself.  That testimony is included in Exhibit 39 at 30:7-30:17.

    30.    Thru also produced documents reflecting and bearing on its own use of the term "dropbox."

    a.    Attached hereto as Exhibit 68 is a true and correct copy of a Thru Profit and Loss Statement.

    b.    Attached hereto as Exhibit 69 is a true and correct copy of a print-out of a Thru hosted webpage.  In his July 13, 2016 deposition, Lee Harrison testified that the print-out was of a webpage designed and hosted by Thru for its customer Navis, which Navis would present to the public to allow third parties to send files to Navis.  That testimony is included in Exhibit 34 at 116:3-21, 118:20-119:11.

    c.    Attached hereto as Exhibit 70 is a true and correct copy of a July 2012 email from Thomas Skybakmoen to Lee Harrison.

    d.    Attached hereto as Exhibit 71 is a true and correct copy of a print-out from Thru's webpage from 2013.

    e.    Attached hereto as Exhibit 72 is a true and correct copy of a March 2014 email from Kevin Westenkirchner, Thru's Vice President of Operations, to Sergey Arutiunov.

    f.    Attached hereto as Exhibit 73 is a true and correct copy of a May 2015 email from Monica Otte, Thru's Web Content and Interactive Marketing Specialist, to Subhashini Simha, Thru's Vice President of Product Management and Marketing, and another Thru employee.

1       g.      Attached hereto as Exhibit 74 is a true and correct copy of a June 2015 email from Sergey Arutiunov to Monica Otte and other Thru employees.

**Other PTO Decisions**

29.      On November 20, 2006, the PTO issued an office action rejecting a trademark application for the term PROMOTER DROP BOX.  Attached hereto as Exhibit 75 is a true and correct copy of the office action issued by the PTO in connection with the application Serial No. 78909234, which was retrieved at my direction from the PTO's online TSDR database at http://tsdr.uspto.gov/.

30.      On February 20, 2007, July 10, 2008, and January 12, 2009 the PTO issued office actions rejecting a trademark application for the term DROPBOKS.  Attached hereto as Exhibits 76, 77, and 78 are true and correct copies of the February 20, 2007, July 10, 2008, and January 12, 2009 office actions issued by the PTO in connection with the application Serial No. 77011368, which were retrieved at my direction from the PTO's online TSDR database at http://tsdr.uspto.gov/.

**Other Uses of Dropbox**

31.      Attached hereto as Exhibit 79 are true and correct copies of a sampling of online dictionary definitions of the term "dropbox."  These dictionary definitions were retrieved at my direction from the following dictionaries: Google.com, Macmillan Dictionary, and the Oxford Dictionary (American English).

32.      Attached hereto as Exhibit 80 are true and correct copies of a sampling of pre-May 2004 news articles containing references to the term "dropbox" or variations thereof.  These articles were retrieved at my direction from the Westlaw service.   These news articles include "Software Keeps Selected Information Safe and Secure," Miami Herald (August 24, 1998); "Pr. William Teens Learn Virtually, Independently," Washington Post (August 8, 2001); and "No Strings Attached New School's Computers Go Totally Wireless," Boston Globe (September 9, 2002).  Relevant portions have been highlighted.

33.      Attached hereto as Exhibit 81 are true and correct copies of the cover pages and excerpts from a sampling of pre-May 2004 books and manuals containing references to the term

1  "dropbox" or variations thereof.  These excerpts were retrieved at my direction from online

2  repositories or copied from hard copies.  These books include *Mastering Access 97 Development,*

3  *Second Edition*, *E-mail Virus Protection Handbook*, and *Mac OS X Little Black Book*.  Relevant

4  portions have been highlighted.

5       34.    Attached hereto as Exhibit 82 are true and correct copies of excerpts from a

6  sampling of journal articles from 2004 or earlier containing references to the term "dropbox" or

7  variations thereof.  These excerpts were retrieved at my direction from online repositories or

8  copied from hard copies.  These journal articles include "Providing a Centralized File Sharing

9  Resource at Bucknell University," Peter Templin, Jr., ACM (1998); "Safety in Numbers:

10 Revisiting the Risks to Client Confidences and Attorney-Client privilege Posed by Internet

11 Electronic Mail," Joshua Masur, Berkeley Technology Law Journal (1999); and "Teaching the

12 Teachers: Teaching and Learning Online," Barbara Burd and Lori Buchanan, Reference Services

13 Review (2004).  Relevant portions have been highlighted.

14      35.    Attached hereto as Exhibit 83 are true and correct copies of a sampling of pre-May

15 2004 webpages containing references to the term "dropbox" or variations thereof.  These

16 webpages were retrieved at my direction from the Internet Archive's Wayback Machine at

17 https://archive.org/web/, which offers a searchable archive of webpages over time.  These

18 webpages include http://core.ecu.edu/blackboard/CommunicationsCenter/Digital_Dropbox.htm as

19 the Internet Archive reports that it appeared on July 28, 2001, http://dropbox.barry.edu/ as the

20 Internet Archive reports that it appeared on December 16, 2002, and http://pluto.une.edu/ as the

21 Internet Archive reports that it appeared on October 16, 2003.  Relevant portions have been

22 highlighted.

23      36.    Attached hereto as Exhibit 84 are true and correct copies of a sampling of pre-May

24 2004 trademark applications submitted to the PTO with references to the term "dropbox" or

25 variations thereof.  These applications were retrieved at my direction from the PTO's online

26 TSDR database at http://tsdr.uspto.gov/.  These trademark applications include a 1995 application

27 for BUSINESS ON A BELT, a 1995 application for OFFICE ON A BELT, and a 2000 application

28 for MACKAY WATCHMAN.  Relevant portions have been highlighted.

SLAFSKY DECL. ISO                    -11-               CASE NO. 3:15-CV-01741-EMC (MEJ)
MOTION FOR SUMMARY JUDGMENT

* * *

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 15, 2016 in Palo Alto, California.

_____
John L. Slafsky