# EXHIBIT 16
# TO DECLARATION OF JOHN M. CONE
# IN SUPPORT OF THRU INC.'S OPPOSITION
# TO DROPBOX, INC.'S MOTION FOR
# SUMMARY JUDGMENT

1   KRONENBERGER BURGOYNE, LLP
    Karl S. Kronenberger (Bar No. 226112)
2   Jeffrey M. Rosenfeld (Bar No. 222187)
    150 Post Street, Suite 520
3   San Francisco, CA 94108
    Telephone:  (415) 955-1155
4   Facsimile:  (415) 955-1158
    karl@KBInternetLaw.com
5   jeff@KBInternetLaw.com

6   Attorneys for Plaintiff Evenflow, Inc.
    *dba* Dropbox
7

8

9                 UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA

                                                        **BZ**
11

12  EVENFLOW, INC., a Delaware          CASE **09           3824**
    corporation *dba* Dropbox,
13
                   Plaintiff,           COMPLAINT
14        v.
15  DOMAINS BY PROXY, INC., an Arizona  **JURY TRIAL DEMANDED**
    corporation; and DOES 1-10,
16
                   Defendant.
17

18

19

20

21

22

23

24

25                                        ┌──────────────────┐
                                          │  **Drew Houston**    │
26                                        │  August 18, 2016 │
                                          │  **Exhibit No.  3**  │
27                                        │  Megan F. Alvarez │
                                          │  RPR, CSR No. 12470│
28                                        └──────────────────┘

    Case No.                                          COMPLAINT

DRBX054432



## INTRODUCTION

1.      Plaintiff, Evenflow, Inc. *dba* Dropbox provides a massively successful online file syncing and remote access system called Dropbox.

2.      For years since the launch of Dropbox, Plaintiff has expended considerable time and resources conducting a comprehensive advertising campaign to promote the Dropbox application under its DROPBOX trademark.

3.      As a result of Plaintiff's extensive advertising and the success of the Dropbox application, the DROPBOX trademark has gained widespread consumer recognition.  Since before 2008, there has been a strong consumer association between the DROPBOX mark and Plaintiff's Dropbox application.

4.      In or around March 2008—well after Plaintiff had generated strong trademark rights in the DROPBOX mark—Defendant Domains By Proxy, Inc. became the registrant of the domain name <www.dropbox.com> (the "Disputed Domain").

5.      Since then, Defendant has used the Disputed Domain to operate a website containing hyperlinks to Plaintiff's competitors.

6.      As a result of Defendant's registration and use of the Disputed Domain, Defendant has caused widespread consumer confusion.   Consumers going to the website resolving to the Disputed Domain are looking for Plaintiff's website and Dropbox application.   Instead, these consumers are presented with advertisements for Plaintiff's competitors.

7.      As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## JURISDICTION AND VENUE

8.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because one party is a citizen of the United States and the other party is a citizen of another state.  Specifically, Plaintiff is a resident of California, and Defendant is a resident of Arizona.  Harm to Plaintiff's trademark and damages arising from the unlawful use of Plaintiff's

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.                                                                    1                                              COMPLAINT

DRBX054433

1  trademark have exceeded $75,000 in value.

2      9.    The Court also has subject matter jurisdiction over the federal claims

3  pursuant to 28 U.S.C. §§1331 & 1338 because the claims arise under the laws of the

4  United States.  This Court has jurisdiction over the state law claims under 28 U.S.C.

5  §1367 because the state law claims are so related to the federal claims that they form

6  part of the same case or controversy and arise from a common nucleus of operative

7  facts.

8      10.    This Court has personal jurisdiction over the Defendant because the

9  Defendant: a) has engaged in significant business within California, b) has a significant

10  number of customers in California, and c) on information and belief, derives a significant

11  portion of its revenues from California.  Additionally, the brunt of Defendant's misconduct

12  has been felt by Plaintiff, who is based in California.

13      11.    Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of

14  the events or omissions giving rise to Plaintiff's claim occurred within the District.  Plaintiff

15  is based in the District and suffered the harm here.

16  <center>**PARTIES**</center>

17      12.    Plaintiff Evenflow, Inc. is a Delaware corporation with its principal place of

18  business in San Francisco, California.  Evenflow, Inc. conducts business under its

19  registered fictitious business name, Dropbox.

20      13.    Defendant Domains By Proxy, Inc is an Arizona corporation with its

21  principal place of business in Scottsdale, Arizona.

22      14.    Plaintiff does not know the true names or legal capacities of the Defendants

23  sued herein as DOES 1-10, inclusive, and therefore sue these Defendants by such

24  fictitious names.

25      15.    On information and belief, Defendants engaged in a common purpose,

26  conspired to commit, and acted together to achieve the misconduct described herein.

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054434

1

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## INTRADISTRICT ASSIGNMENT

16.     For the purposes of Local Rule 3-2(c), this action should be assigned to the San Francisco division of the Court because San Francisco is the county in which a substantial part of the events or omissions which give rise to the claim occurred.

## BACKGROUND

### Plaintiff's Business & DROPBOX Trademark

17.     Plaintiff offers computer users an online virtual storage application called Dropbox.

18.     Dropbox enables computer users to store and sync files online and between computers.  Once users install the Dropbox application, users can drag any computer file into their Dropbox folder, which appears on the users' desktops.  When a computer file is placed in the Dropbox folder, the file becomes accessible to that user on any computer on which the Dropbox application has been installed.  Files in the Dropbox folder may be shared with other Dropbox users or accessed from the Web.

19.     Currently, Plaintiff offers users a free Dropbox account, which provides users with two gigabytes of storage.  Users may upgrade to a 50 or 100 gigabyte Dropbox account by paying a monthly or yearly fee.

20.     Dropbox employs secure socket layer transfers with AES-256 encryption to ensure its users' security, and Dropbox supports revision history so deleted files may be recovered from any of the synced computers.

21.     The combination of Dropbox's simplicity and utility has been met with a resounding success.  Dropbox has won the praise of computer experts and everyday computer users alike.  Businesses, educators, students, children, and grandparents have all embraced Dropbox.  In the years since the introduction of Dropbox, Plaintiff has enjoyed a tremendous success and has acquired a devoted clientele.

22.     Demand for Dropbox has been constantly growing.  Millions of users visit Dropbox's website every month, located at <getdropbox.com>.  And this number has been steadily increasing since the introduction of Dropbox.

DRBX054435

1        23.     Plaintiff has expended considerable time and effort promoting and

2   advertising Dropbox, using DROPBOX as its brand name.  To date, Plaintiff has spent in

3   excess of $1 million dollars marketing the DROPBOX brand.

4        24.     Plaintiff has also engaged in aggressive media relations effort regarding

5   DROPBOX.  As a result, the DROPBOX application and mark have also enjoyed

6   numerous references in a variety of prominent media outlets like the New York Times,

7   Washington Post, USAToday and Techcrunch.com, as well as media outlets throughout

8   Europe and Asia.  Moreover, Plaintiff has received the Webware 100 award by CNET,

9   PC Magazine's Editor's choice Award, and Mac Life's Editor's Choice for its Dropbox

10  application.

11       25.     Plaintiff's advertising and promotion of Dropbox and the DROPBOX mark

12  have been highly successful given the exponential growth that Plaintiff has enjoyed.

13       26.     As a result of Plaintiff's substantial marketing investment and the quality of

14  its Dropbox application, consumers have come to associate the DROPBOX mark with

15  Plaintiff and Plaintiff's Dropbox application.

16       27.     As a result of Plaintiff's advertising and promotion, industry awards and

17  media references, the DROPBOX mark has become famous throughout the United

18  States, and is widely associated with Plaintiff's Dropbox application.

19                              **Defendant's Misconduct**

20       28.     Defendant is a for profit corporation that offers' privacy services to domain

21  name registrants.

22       29.     When a domain registrant engages Defendant's privacy services, the

23  registrant transfers his or her domain name to Defendant, so that Defendant actually

24  becomes the registrant of the domain name.  Defendant agrees to become and serve as

25  the registrant of the domain name, making only its contact information available to the

26  public.  As the registrant of the domain names, Defendant becomes legally responsible

27  for the domain name and arranges for the administration of the domain name, including

28  renewing the domain name with the relevant domain name registrar.  While Defendant is

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054436

1   the legal registrant of the domain name, Defendant's customer remains a beneficiary of

2   the domain name.

3       30.   On or around March 25, 2008 a currently unknown party transferred the

4   Disputed Domain to the Defendant, and the Defendant became the registrant of the

5   Disputed Domain.

6       31.   By March 2008 Plaintiff had already experienced tremendous success with

7   its Dropbox service and had spent considerable time and money promoting and

8   advertising the Dropbox application and the DROPBOX mark. Thus, by March 2008,

9   Plaintiff's customers had come to associate the DROPBOX trademark with Plaintiff and

10   Plaintiff's Dropbox application.

11       32.   Notwithstanding the goodwill associated with Plaintiff and its DROPBOX

12   trademark, after March 2008 Defendant used the Disputed Domain—which is identical to

13   Plaintiff's DROPBOX trademark—in a bad faith effort to generate revenue.

14       33.   Specifically, Defendant began operating—and continues to operate—a

15   website resolving to the Disputed Domain. On that website, Defendant has displayed—

16   and continues to display—hyperlinks to Plaintiff's competitors. As limited examples,

17   Defendant's website regularly displays hyperlinks to Box.net, Diino, and GoToMyPC, all

18   of which are file syncing and remote access services, like Dropbox. On information and

19   belief, Defendants generate revenue any time a computer user goes to the Disputed

20   Domain and clicks on one of these hyperlinks. Additionally, Defendant has generated

21   revenue from offering its privacy services with respect to the Domain Name during which

22   time the Domain Name caused consumer confusion.

23       34.   Defendant has relied on the confusion of Internet users in operating the

24   website resolving to the Disputed Domain. Users seeking Plaintiff's Dropbox website

25   mistakenly enter the Disputed Domain into the URL field of their web browser and go to

26   Defendant's infringing website. Users are then presented with advertisements for

27   Plaintiff's competitors.

28       35.   The consumer confusion that has resulted from Defendant's misconduct is

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.              5                       **COMPLAINT**

DRBX054437

1   manifest and illustrated on message boards and other venues throughout the Internet.

2   As a result of Defendant's misconduct, consumers have been confused about the

3   association between Defendant's website on the one hand and Plaintiff and Plaintiff's

4   Dropbox application on the other hand.

5       36.   As a result of Defendant's misconduct, Plaintiff has been substantially

6   harmed.

**FIRST CAUSE OF ACTION**

**CYBERSQUATTING (15 U.S.C. §1125(d))**

9       37.   Plaintiff re-alleges and incorporates by reference each and every allegation

10   set forth in Paragraphs 1 through 35 inclusive.

11       38.   Plaintiff has generated substantial rights in the trademark DROPBOX in

12   connection with its computer file syncing service through Plaintiff's continuous use of the

13   DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

14       39.   Defendant, with bad faith intent to profit from Plaintiff's DROPBOX

15   trademark, registered, trafficked in, and used the Disputed Domain.

16       40.   At the time Defendant became the registrant of the Disputed Domain (and

17   before Defendant began trafficking in and using the Disputed Domain), the DROPBOX

18   mark had become distinctive and had acquired secondary meaning through Plaintiff's

19   continuous use of the mark and Plaintiff's extensive advertising.

20       41.   The Disputed Domain name is identical or confusingly similar to the

21   DROPBOX mark.

22       42.   As a result of Defendant's misconduct, Plaintiff has been substantially

23   harmed.

24       43.   Defendant's misconduct will continue unless enjoined by this Court.

**SECOND CAUSE OF ACTION**

**INFRINGEMENT OF AN UNREGISTERED TRADEMARK (15 U.S.C. §1125(a))**

27       44.   Plaintiff re-alleges and incorporates by reference each and every allegation

28   set forth in Paragraphs 1 through 35 inclusive.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054438

45. Plaintiff has generated substantial rights in the trademark DROPBOX in connection with its computer file syncing service through Plaintiff's continuous use of the DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

46. Since approximately March 2008, Defendant has used in interstate commerce the DROPBOX trademark and false and misleading permutations of the DROPBOX trademark.

47. Defendant's use of the DROPBOX trademark and permutations thereof are likely to cause—and has in fact caused—confusion, mistake, and deception as to the affiliation, connection, or association of Defendant and the website resolving to the Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and Plaintiff's DROPBOX trademark on the other hand.

48. Defendant's use of the DROPBOX trademark and permutations thereof are likely to cause—and has in fact caused—confusion, mistake, and deception as to the origin, sponsorship, or approval of the website resolving to the Disputed Domain.

49. The Disputed Domain name is identical or confusingly similar to the DROPBOX mark.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

51. Defendant's misconduct will continue unless enjoined by this Court.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

52. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 35 inclusive.

53. Plaintiff has generated substantial rights in the trademark DROPBOX in connection with its computer file syncing service through Plaintiff's continuous use of the DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054439

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

54.     Since approximately March 2008, Defendant has used in interstate commerce the DROPBOX trademark and false and misleading permutations of the DROPBOX trademark.

55.     Defendant's use of the DROPBOX trademark and permutations thereof are likely to cause—and has in fact caused—confusion, mistake, and deception as to the affiliation, connection, or association of Defendant and the website resolving to the Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and Plaintiff's DROPBOX trademark on the other hand.

56.     Defendant's use of the DROPBOX trademark and permutations thereof are likely to cause—and has in fact caused—confusion, mistake, and deception as to the origin, sponsorship, or approval of the website resolving to the Disputed Domain.

57.     By engaging in the above-described misconduct, Defendant has engaged in unfair and fraudulent business acts and practices and has engaged in unfair, deceptive, untrue or misleading advertising.

58.     Thus Defendant has committed unfair competition in violation of California Business and Professions Code section 17200.

59.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

60.     Defendant's misconduct will continue unless enjoined by this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1.     That the Court enter judgment against the Defendant that it has

    a.     Committed and is committing cybersquatting in violation of 15 U.S.C. §1125(d);

    b.     Committed and is committing acts of infringement of an unregistered trademark in violation of 15 U.S.C. §1125(a);

    c.     Committed and is committing acts of unfair competition in violation of California Business & Professions Code section 17200.

DRBX054440

2.     That the Court issue injunctive relief against Defendant, requiring Defendant to transfer the Disputed Domain to Plaintiff.

3.     That the Court order Defendant to pay Plaintiff's damages as follows:

      a.     The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to <u>or</u> Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d).

      b.     Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark;

      c.     Plaintiff's restitutionary damages for Defendant's violation of California Business and Professions Code section 17200.

      d.     Such other damages as the Court shall deem appropriate;

      e.     Interest, including prejudgment interest, on the foregoing sums;

4.     That the Court grant to Plaintiff such additional relief as is just and proper.

DATED: August 20, 2009             KRONENBERGER BURGOYNE, LLP

By: _____
                      Karl S. Kronenberger

Attorneys for Plaintiff Evenflow, Inc., dba Dropbox

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.                               9                           **COMPLAINT**

DRBX054441

1

**REQUEST FOR JURY TRIAL**

2    Plaintiffs hereby demand a trial of this action by jury.

3

4    DATED:  August 20, 2009                    **KRONENBERGER BURGOYNE, LLP**

5

6                                               By: 

7                                                   Karl S. Kronenberger

8

9                                               Attorneys for Plaintiff Evenflow, Inc.
                                                dba Dropbox

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com</div>

Case No.                              10                            **COMPLAINT**

DRBX054442

1

**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
2  Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
3  San Francisco, CA 94108
Telephone:  (415) 955-1155
4  Facsimile:  (415) 955-1158
karl@KBInternetLaw.com
5  jeff@KBInternetLaw.com

6  Attorneys for Plaintiff Evenflow, Inc.
*dba* Dropbox

7

8

9
## UNITED STATES DISTRICT COURT
10
## NORTHERN DISTRICT OF CALIFORNIA

11

12  **EVENFLOW, INC., a Delaware**          CASE NO. C 09-03824 BZ
**corporation *dba* Dropbox,**
13
Plaintiff,                      **FIRST AMENDED COMPLAINT**
14             v.

15  **GIRI NIRKONDAR, an individual,**        <u>**JURY TRIAL DEMANDED**</u>

16             Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 09-03824 BZ                                    **FIRST AMENDED COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054443

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## INTRODUCTION

1.      Plaintiff, Evenflow, Inc. *dba* Dropbox provides a massively successful online file syncing and remote access system called Dropbox.

2.      For years since the launch of Dropbox, Plaintiff has expended considerable time and resources conducting a comprehensive advertising campaign to promote the Dropbox application under its DROPBOX trademark.

3.      As a result of Plaintiff's extensive advertising and the success of the Dropbox application, the DROPBOX trademark has gained widespread consumer recognition. Since before 2008, there has been a strong consumer association between the DROPBOX mark and Plaintiff's Dropbox application.

4.      In or around March 2008—well after Plaintiff had generated strong trademark rights in the DROPBOX mark—Defendant Giri Nirkondar ("Nirkondar" or "Defendant") transferred the registration of the domain name <www.dropbox.com> (the "Disputed Domain") to third party Domains By Proxy, Inc., which became the new registrant of the Disputed Domain.

5.      Thereafter, Defendant, through his contractual relationship with Domains By Proxy, Inc., used the Disputed Domain to operate a commercial website, which displays hyperlinks to Plaintiff's competitors.

6.      On approximately August 21, 2009, Domains By Proxy, Inc. transferred the Disputed Domain back to Defendant. Since this recent transfer, Defendant has continued to use the Disputed Domain to operate a website displaying hyperlinks to Plaintiff's competitors.

7.      As a result of Defendant's use of the Disputed Domain, Defendant has caused widespread consumer confusion. Consumers going to the website resolving to the Disputed Domain are looking for Plaintiff's website and Plaintiff's Dropbox application. Instead, these consumers are presented with advertisements for Plaintiff's competitors.

DRBX054444

8.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 & 1338 because the claims arise under the laws of the United States. This Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

10.     This Court has personal jurisdiction over the Defendant because the Defendant resides in Pleasanton, California.

11.     Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within the District.  Plaintiff is based in the District and suffered the harm here.  Further, Defendant resides in the District.

## PARTIES

12.     Plaintiff Evenflow, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.   Evenflow, Inc. conducts business under its registered fictitious business name, Dropbox.

13.     Defendant Giri Nirkondar is an individual residing in Pleasanton, California.

## INTRADISTRICT ASSIGNMENT

14.     For the purposes of Local Rule 3-2(c), this action should be assigned to the San Francisco division of the Court because San Francisco is the county in which a substantial part of the events or omissions which give rise to the claim occurred.

## BACKGROUND

### Plaintiff's Business & DROPBOX Trademark

15.     Plaintiff offers computer users an online virtual storage application called Dropbox.

16.     Dropbox enables computer users to store and sync files online and

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C 09-03824 BZ

2

FIRST AMENDED COMPLAINT

DRBX054445

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   between computers.  Once users install the Dropbox application, users can drag any

2   computer file into their Dropbox folder, which appears on the users' desktops.  When a

3   computer file is placed in the Dropbox folder, the file becomes accessible to that user on

4   any computer on which the Dropbox application has been installed.  Files in the Dropbox

5   folder may be shared with other Dropbox users or accessed from the Web.

6   17.   Currently, Plaintiff offers users a free Dropbox account, which provides

7   users with two gigabytes of storage.   Users may upgrade to a 50 or 100 gigabyte

8   Dropbox account by paying a monthly or yearly fee.

9   18.   Dropbox employs secure socket layer transfers with AES-256 encryption to

10  ensure its users' security, and Dropbox supports revision history so deleted files may be

11  recovered from any of the synced computers.

12  19.   The combination of Dropbox's simplicity and utility has been met with a

13  resounding success.  Dropbox has won the praise of computer experts and everyday

14  computer users alike.  Businesses, educators, students, children, and grandparents have

15  all embraced Dropbox.  In the years since the introduction of Dropbox, Plaintiff has

16  enjoyed a tremendous success and has acquired a devoted clientele.

17  20.   Demand for Dropbox has been constantly growing.  Millions of users visit

18  Dropbox's website every month, located at <getdropbox.com>.  And this number has

19  been steadily increasing since the introduction of Dropbox.

20  21.   Plaintiff has expended considerable time and effort promoting and

21  advertising Dropbox, using DROPBOX as its brand name.  To date, Plaintiff has spent in

22  excess of $1 million dollars marketing the DROPBOX brand.

23  22.   Plaintiff has also engaged in an aggressive media relations effort regarding

24  DROPBOX.   As a result, the DROPBOX application and mark have also enjoyed

25  numerous references in a variety of prominent media outlets like the New York Times,

26  Washington Post, USAToday and Techcrunch.com, as well as media outlets throughout

27  Europe and Asia.  Moreover, Plaintiff has received the Webware 100 award by CNET,

28  PC Magazine's Editor's choice Award, and Mac Life's Editor's Choice for its Dropbox

Case No. C 09-03824 BZ                               3                    FIRST AMENDED COMPLAINT

DRBX054446

1    application.

2        23.    Plaintiff's advertising and promotion of Dropbox and the DROPBOX mark

3    have been highly successful given the exponential growth that Plaintiff has enjoyed.

4        24.    As a result of Plaintiff's substantial marketing investment and the quality of

5    its Dropbox application, consumers have come to associate the DROPBOX mark with

6    Plaintiff and Plaintiff's Dropbox application.

7        25.    As a result of Plaintiff's advertising and promotion, industry awards and

8    media references, the DROPBOX mark has become famous throughout the United

9    States, and is widely associated with Plaintiff's Dropbox application.

10   **Defendant's Misconduct**

11       26.    Defendant Nirkondar registered the Disputed Domain and subsequently re-

12   registered the Disputed Domain multiple times, including on June 27, 2007.

13       27.    Despite Defendant Nirkondar's registration and re-registration of the

14   Disputed Domain, Nirkondar did not use the Disputed Domain in commerce or use the

15   word, "dropbox," in commerce prior to March 2008.

16       28.    By March 2008 Plaintiff had already experienced tremendous success with

17   its Dropbox service and had spent considerable time and money promoting and

18   advertising the Dropbox application and the DROPBOX mark.  Thus, by March 2008,

19   Plaintiff's customers had come to associate the DROPBOX trademark with Plaintiff and

20   Plaintiff's Dropbox application.

21       29.    Recognizing the value that Plaintiff had generated for its DROPBOX

22   trademark, in March 2008 Defendant Nirkondar transferred registration the Disputed

23   Domain to Domains By Proxy, Inc., which became the new registrant of the Disputed

24   Domain.

25       30.    Pursuant to the terms of the agreement with Domains by Proxy, Nirkondar

26   retained the benefits of the domain name, including but not limited to the ability to

27   associate the domain name with a commercial website and to generate revenue from

28   that website.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C 09-03824 BZ

4

**FIRST AMENDED COMPLAINT**

DRBX054447

31.    After Nirkondar transferred the Disputed Domain to Domains By Proxy, Inc., Nirkondar began to use the Disputed Domain—which is identical to Plaintiff's DROPBOX trademark—in a bad faith effort to generate revenue from the Disputed Domain and trademark.

32.    Specifically, after transferring the Disputed Domain to Domains By Proxy, Defendant Nirkondar began operating a website resolving to the Disputed Domain.  On that website, Defendant displayed hyperlinks to Plaintiff's competitors.  As limited examples, Defendant's website displayed hyperlinks to Box.net, Diino, and GoToMyPC, all of which are file syncing and remote access services, like Dropbox.  On information and belief, Defendant generated revenue every time a computer user went to the Disputed Domain and clicked on one of the hyperlinks.

33.    In August 2009, Domains by Proxy transferred the registration of the Disputed Domain back to Defendant, thereby permitting Defendant to register the Disputed Domain in the name of Defendant.

34.    Following this transfer of registration, Defendant continued to use the Disputed Domain to operate his commercial website, displaying hyperlinks to Plaintiff's competitors.  Defendant continues to use the Disputed Domain in this manner today.

35.    On information and belief, Defendant continues to generate revenue from the website he operates at the Disputed Domain.

36.    Defendant has relied on the confusion of Internet users in operating the website resolving to the Disputed Domain.  Users seeking Plaintiff's Dropbox website mistakenly enter the Disputed Domain into the URL field of their web browser and go to Defendant's infringing website.  Users are then presented with advertisements for Plaintiff's competitors.

37.    The consumer confusion that has resulted from Defendant's misconduct is manifest and illustrated on message boards and other venues throughout the Internet.  As a result of Defendant's misconduct, consumers have been confused about the association between Defendant's website on the one hand and Plaintiff and Plaintiff's

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054448

1   Dropbox application on the other hand.

2       38.    As a result of Defendant's misconduct, Plaintiff has been substantially

3   harmed.

4   **FIRST CAUSE OF ACTION**

5   **CYBERSQUATTING (15 U.S.C. §1125(d))**

6       39.    Plaintiff re-alleges and incorporates by reference each and every allegation

7   set forth in Paragraphs 1 through 38 inclusive.

8       40.    Plaintiff has generated substantial rights in the trademark DROPBOX in

9   connection with its computer file syncing service through Plaintiff's continuous use of the

10   DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

11       41.    Defendant, with bad faith intent to profit from Plaintiff's DROPBOX

12   trademark, registered, trafficked in, and used the Disputed Domain.

13       42.    By the time Defendant Nirkondar started using the Disputed Domain, the

14   DROPBOX mark had become distinctive and had acquired secondary meaning through

15   Plaintiff's continuous use of the mark and Plaintiff's extensive advertising.

16       43.    Defendant Nirkondar obtained registrations for and re-registered the

17   Disputed Domain at times when the DROPBOX mark had become distinctive and had

18   acquired secondary meaning through Plaintiff's continuous use of the mark and Plaintiff's

19   extensive advertising.

20       44.    At the time Defendant transferred registration of the Disputed Domain to

21   Domains By Proxy and at the time Domains By Proxy transferred registration of the

22   Disputed Domain back to Defendant, the DROPBOX mark had become distinctive and

23   had acquired secondary meaning through Plaintiff's continuous use of the mark and

24   Plaintiff's extensive advertising.

25       45.    The Disputed Domain name is identical or confusingly similar to the

26   DROPBOX mark.

27       46.    As a result of Defendant's misconduct, Plaintiff has been substantially

28   harmed.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054449

1   47.    Defendant's misconduct will continue unless enjoined by this Court.

2                            **SECOND CAUSE OF ACTION**

3   **INFRINGEMENT OF AN UNREGISTERED TRADEMARK (15 U.S.C. §1125(a))**

4   48.    Plaintiff re-alleges and incorporates by reference each and every allegation

5   set forth in Paragraphs 1 through 38 inclusive.

6   49.    Prior to March 2008, Plaintiff had generated substantial rights in the

7   trademark DROPBOX in connection with its computer file syncing service through

8   Plaintiff's continuous use of the DROPBOX mark, its aggressive marketing campaigns,

9   and positive consumer response.

10   50.    After March 2008, Defendant used in interstate commerce the DROPBOX

11   trademark and false and misleading permutations of the DROPBOX trademark.

12   51.    Defendant's use of the DROPBOX trademark and permutations thereof is

13   likely to cause—and has in fact caused—confusion, mistake, and deception as to the

14   affiliation, connection, or association of Defendant and the website resolving to the

15   Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and

16   Plaintiff's DROPBOX trademark on the other hand.

17   52.    Defendant's use of the DROPBOX trademark and permutations thereof is

18   likely to cause—and has in fact caused—confusion, mistake, and deception as to the

19   origin, sponsorship, or approval of the website resolving to the Disputed Domain.

20   53.    The Disputed Domain name is identical or confusingly similar to the

21   DROPBOX mark.

22   54.    As a result of Defendant's misconduct, Plaintiff has been substantially

23   harmed.

24   55.    Defendant's misconduct will continue unless enjoined by this Court.

25                            **THIRD CAUSE OF ACTION**

26   **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

27   56.    Plaintiff re-alleges and incorporates by reference each and every allegation

28   set forth in Paragraphs 1 through 38 inclusive.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C 09-03824 BZ                    7                    **FIRST AMENDED COMPLAINT**

DRBX054450

57.     Prior to March 2008, Plaintiff had generated substantial rights in the trademark DROPBOX in connection with its computer file syncing service through Plaintiff's continuous use of the DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

58.     After March 2008, Defendant used in interstate commerce the DROPBOX trademark and false and misleading permutations of the DROPBOX trademark.

59.     Defendant's use of the DROPBOX trademark and permutations thereof is likely to cause—and has in fact caused—confusion, mistake, and deception as to the affiliation, connection, or association of Defendant and the website resolving to the Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and Plaintiff's DROPBOX trademark on the other hand.

60.     Defendant's use of the DROPBOX trademark and permutations thereof is likely to cause—and has in fact caused—confusion, mistake, and deception as to the origin, sponsorship, or approval of the website resolving to the Disputed Domain.

61.     By engaging in the above-described misconduct, Defendant has engaged in unfair and fraudulent business acts and practices and has engaged in unfair, deceptive, untrue or misleading advertising.

62.     Thus Defendant has committed unfair competition in violation of California Business and Professions Code section 17200.

63.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

64.     Defendant's misconduct will continue unless enjoined by this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1.     That the Court enter judgment against the Defendant that it has

   a.     Committed and is committing cybersquatting in violation of 15 U.S.C. §1125(d);

   b.     Committed and is committing acts of infringement of an unregistered

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

DRBX054451

1    trademark in violation of 15 U.S.C. §1125(a);

2        c.    Committed and is committing acts of unfair competition in violation of

3              California Business & Professions Code section 17200.

4    2.   That the Court issue injunctive relief against Defendant, requiring

5         Defendant to transfer the Disputed Domain to Plaintiff.

6    3.   That the Court order Defendant to pay Plaintiff's damages as follows:

7        a.    The greater of Plaintiff's damages (composed of Plaintiff's actual

8              damages and Defendant's profits) in an amount to be determined

9              according to proof <u>or</u> Plaintiff's statutory damages of $100,000

10             pursuant to 15 U.S.C. §1117(a), (d).

11       b.    Plaintiff's damages (composed of Plaintiff's actual damages and

12             Defendant's profits) in an amount to be determined according to

13             proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful

14             infringement of Plaintiff's unregistered trademark;

15       c.    Plaintiff's restitutionary damages for Defendant's violation of

16             California Business and Professions Code section 17200.

17       d.    Such other damages as the Court shall deem appropriate;

18       e.    Interest, including prejudgment interest, on the foregoing sums;

19   4.   That the Court grant to Plaintiff such additional relief as is just and proper.

20

21   DATED: September 25, 2009              KRONENBERGER BURGOYNE, LLP

22

23                                    By:  _s/ Karl S. Kronenberger_____
                                          Karl S. Kronenberger
24
                                     Attorneys for Plaintiff Evenflow, Inc., dba
25                                   Dropbox

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C 09-03824 BZ                                          FIRST AMENDED COMPLAINT

                                          9

DRBX054452

1   **REQUEST FOR JURY TRIAL**

2   Plaintiffs hereby demand a trial of this action by jury.

3

4   DATED:  September 25, 2009          **KRONENBERGER BURGOYNE, LLP**

5

6                                                  By:   s/ Karl S. Kronenberger

7                                                         Karl S. Kronenberger

8

9                                                  Attorneys for Plaintiff Evenflow, Inc.
                                                    *dba* Dropbox

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C 09-03824 BZ                                        **FIRST AMENDED COMPLAINT**

DRBX054453