# EXHIBIT 25
# TO DECLARATION OF JOHN M. CONE IN SUPPORT OF THRU INC.'S OPPOSITION TO DROPBOX, INC.'S MOTION FOR SUMMARY JUDGMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| -vs- ) ) | 3:15-CV-01741-EMC (MEJ) |
| THRU INC., a Delaware corporation, ) ) ) | |
| Defendant. ) ) | |
| THRU INC., a Delaware corporation, ) ) ) | |
| Counterclaimant. ) ) | |
| -vs- ) ) | |
| DROPBOX, INC., a Delaware corporation, ) ) ) | |
| Counterdefendant. ) | |

VIDEOTAPED DEPOSITION OF ROSELLA FERNANDEZ

PAGES 1 to 88

TUESDAY, AUGUST 9, 2016

Reported by:  Shelley M. Sailor, CSR No. 10254

DTI Global File No. SF-091744

| | | |
|---|---|---|
| 1 | approach under which Thru would play on my client's | 11:53:18 |
| 2 | name Dropbox? | 11:53:21 |
| 3 | A.  According to this, yes. | 11:53:22 |
| 4 | Q.  Did Mr. Harrison weigh in at any point to | 11:53:27 |
| 5 | suggest it was not proper for Thru to be playing on | 11:53:31 |
| 6 | my client's name? | 11:53:34 |
| 7 | A.  No, because he -- | 11:53:35 |
| 8 | MR. STARNES:  Object to form. | 11:53:38 |
| 9 | THE WITNESS:  -- believe that it was his | 11:53:38 |
| 10 | name. | 11:53:43 |
| 11 | BY MR. KRAMER: | 11:53:43 |
| 12 | Q.  In the same email thread you wrote to | 11:53:43 |
| 13 | Mr. Skybakmoen at 11:50 a.m., which is a little | 11:53:47 |
| 14 | further up the thread on the first page, you ask him | 11:53:50 |
| 15 | why he wanted to include a boring box on the home | 11:53:52 |
| 16 | page, and he responded to you with a copy to | 11:53:55 |
| 17 | Mr. Harrison, quote, "We want it to resemble the | 11:53:58 |
| 18 | picture we have always used, because then we can | 11:54:01 |
| 19 | also possible use this against DropBox." | 11:54:03 |
| 20 | A.  Um-hmm. | 11:54:03 |
| 21 | Q.  What did you understand him to mean by "we | 11:54:07 |
| 22 | can also possible use this against DropBox"? | 11:54:09 |
| 23 | MR. STARNES:  Object to form. | 11:54:14 |
| 24 | THE WITNESS:  At that point I don't know. | 11:54:18 |
| 25 | I know that, like I said, he had thought that they | 11:54:28 |

| | |
|---|---|
| 1   had it trademarked.  So when they say "against | 11:54:30 |
| 2   DropBox," I'm guessing with them having the | 11:54:34 |
| 3   trademark rights on it, that they can use it against | 11:54:36 |
| 4   them.  I do not know for sure. | 11:54:41 |
| 5   BY MR. KRAMER: | 11:54:42 |
| 6       Q.  As you sit here today in reviewing this | 11:54:42 |
| 7   document, is it your understanding of it that | 11:54:45 |
| 8   Mr. Skybakmoen's interest in including this box on | 11:54:50 |
| 9   the most prominent page of Thru's website was not an | 11:54:53 |
| 10  aesthetics or marketing but, rather, to support a | 11:54:57 |
| 11  legal claim? | 11:55:00 |
| 12          MR. STARNES:  Object to form. | 11:55:01 |
| 13          THE WITNESS:  I'm not sure. | 11:55:02 |
| 14  BY MR. KRAMER: | 11:55:03 |
| 15      Q.  Is this the design that Thru went with for | 11:55:03 |
| 16  the home page when you were there? | 11:55:05 |
| 17      A.  Yes.  It was one -- I mean, there's | 11:55:07 |
| 18  multiple images, but this is one of the multiple | 11:55:10 |
| 19  images that was on the home page. | 11:55:13 |
| 20      Q.  Are you familiar with something called the | 11:55:14 |
| 21  Internet archive? | 11:55:17 |
| 22      A.  Yes. | 11:55:19 |
| 23      Q.  Captures copies of websites -- | 11:55:19 |
| 24      A.  Um-hmm. | 11:55:19 |
| 25      Q.  -- as they existed, right -- | 11:55:21 |

```
 1              R E P O R T E R ' S   C E R T I F I C A T E
 2              I, SHELLEY M. SAILOR, duly authorized to
 3   administer oaths pursuant to Section 2093(b) of the
 4   California Code of Civil Procedure, do hereby
 5   certify that the witness in the foregoing deposition
 6   was by me duly sworn to testify the truth in the
 7   within-entitled cause; that said deposition was
 8   taken at the time and place therein cited; that
 9   testimony of said witness was reported by me and
10   thereafter transcribed under my direction into
11   typewriting; that the foregoing is a complete and
12   accurate record of said testimony; and that the
13   witness was given an opportunity to read and correct
14   said deposition and to subscribe the same.  Should
15   the signature of the witness not be affixed to the
16   deposition, the witness shall not have availed
17   herself of the opportunity to sign or the signature
18   has been waived.  I further certify that I am not of
19   counsel nor attorney for any of the parties in the
20   foregoing deposition and caption named nor in any
21   way interested in the outcome of the cause named in
22   said caption.
23   DATED:  August 17, 2016
24          _____Shelley M. Sailor_____
25          SHELLEY M. SAILOR, CSR NO. 10254
```

88